**BENCHMARK BANK, Petitioner,**

v.

**Frank L. CROWDER and Marion N. Crowder, Respondents.**

No. 95–0052.

Supreme Court of Texas.

Argued Sept. 6, 1995.

Decided March 7, 1996.

Rehearing Overruled May 10, 1996.

G. Roland Love, Trent A. Gudgel, Dallas, for Petitioner.

Lawrence J. Fossi, Houston, Steven C. Malin, Dallas, John L. Carter, Houston, George M. Yarbrough, Jr., Dallas, for Respondents.

ENOCH, Justice, delivered the opinion of the Court.

The principal issue in this case is whether a third party may be subrogated to a federal government tax lien and thus, entitled to enforce the lien against the taxpayer's homestead. We conclude that the answer is yes, but that in selling the property through foreclosure, the third party must compensate a nondelinquent spouse for his or her interest in the homestead estate. We reverse in part and affirm in part the judgment of the court of appeals. 889 S.W.2d 525.

Frank Crowder operated an insurance agency, first as a sole proprietorship and then as a corporation, Crowder Insurance Agency, Inc. He was the sole officer, director, and shareholder of the corporation. The corporation did not pay its federal payroll taxes and the Internal Revenue Service assessed liens for the unpaid taxes, interest, and penalties against Frank Crowder's property and the corporation's property.

Frank Crowder obtained a loan from Benchmark Bank's predecessor to pay off the tax debts. Frank and his wife, Marion, signed a promissory note payable to the Bank and gave the Bank a deed of trust purporting to create a lien against the Crowders' 1.85 acre estate, which the Crowders claimed as their homestead. The deed of trust also provided to the extent the loan proceeds were used to pay any outstanding liens, the Bank was to be subrogated to any and all rights and liens. The Crowders paid the loan proceeds to the IRS and the IRS released its liens against Frank Crowder and the corporation. The Crowders defaulted on the loan and the Bank eventually foreclosed on their property and sold the property at a nonjudicial sale. The Bank purchased the property at the foreclosure sale subject to a first lien.

The Crowders sued the Bank, seeking a declaration that (1) the lien granted by the deed of trust was invalid, (2) the deed of trust did not authorize a nonjudicial foreclosure, and (3) the foreclosure was wrongful. In addition, the Crowders sought damages for wrongful foreclosure alleging, among other things, that the Bank's lien was invalid against the homestead or, alternatively, if the lien were valid, the foreclosure was wrongful because the Bank did not conduct a judicially supervised sale as required by federal law. See 26 U.S.C. § 7304. The Crowders sought a partial summary judgment on liability only. The Bank sought summary judgment that it was subrogated to a valid lien against the homestead interest of both Frank and Marion Crowder and that its foreclosure was not wrongful. The Bank also sought summary judgment that the Crowders' post-foreclosure conduct in agreeing to try to sell the property for the Bank constituted a novation or accord and satisfaction that affirmed the validity of the lien and the foreclosure. The trial court denied the Crowders' motion for partial summary judgment and granted the Bank's motion for summary judgment. In its judgment, the trial court determined that the deed of trust given by the Crowders

created a valid lien against their homestead and rendered a take-nothing judgment on their claims against the Bank.

The Crowders appealed, asserting that summary judgment was improper because the lien against the homestead was invalid and the Bank did not seek to partition the non-exempt portion of the property; the Bank had no lien against Marion Crowder's homestead interest; the Bank did not follow the procedures applicable to foreclosure of a federal tax lien; and the Bank's defenses of novation and accord and satisfaction were unavailable or there were fact issues as to these defenses that precluded summary judgment. By cross-points, the Bank argued summary judgment was proper because it had a valid lien against the Crowders' homestead and the Crowders' summary judgment affidavits were inadmissible. The court of appeals reversed the trial court's take-nothing judgment. That court concluded that the Bank's attempt to obtain or enforce the IRS's tax lien was precluded by the homestead protection afforded under the Texas Constitution. 889 S.W.2d at 529. The court of appeals did not consider the remaining issues.

## I

■ The Texas Constitution protects a homestead from forced sale except for the payment of debts for purchase money, ad valorem taxes due on the property, or work or materials used in constructing improvements on the property. TEX. CONST. art. XVI, § 50. No mortgage, trust deed, or lien is ever valid on the homestead unless such lien secures payment of one of these three debts. *Id.; Thompson v. Thompson,* 149 Tex. 632, 236 S.W.2d 779, 788 (1951). While the federal tax liens are not within those specifically identified as valid in Article XVI, Section 50, the Bank argues that a federal tax lien is valid against the Crowders' homestead and that it was both equitably and contractually subrogated to the federal tax liens assessed against the Crowders' estate.

At the outset we note that Texans approved by election on November 7, 1995, a constitutional amendment that would permit an encumbrance against a homestead for the refinance of a lien against a homestead, including a federal tax lien. TEX. CONST. art. XVI, § 50 (1876, amended 1973 and 1995). That amendment, however, has no bearing on our disposition of this case because the tax lien and the Bank's subrogation rights were fixed before the amendment's adoption. *See* TEX. CONST. art. XVII, § 1 (amended 1972) (an amendment becomes a part of the Constitution upon the majority of votes cast in favor of the amendment and proclamation made by the Governor). We must determine whether, in the absence of the amendment to Article XVI, Section 50, the Bank obtained through subrogation a valid and enforceable lien against the Crowders' homestead.

■ Under the Supremacy Clause of the United States Constitution, the IRS may obtain a valid federal tax lien and enforce its lien against a Texas homestead. U.S. Const. art. VI, cl. 2; *United States v. Rodgers,* 461 U.S. 677, 701–02, 103 S.Ct. 2132, 2146–47, 76 L.Ed.2d 236 (1983); *Staley v. Vaughn,* 50 S.W.2d 907, 911–12 (Tex.Civ.App.—Amarillo 1932, writ ref'd). The Crowders argue, however, that although the federal government has a valid tax lien against the homestead, that lien is invalid and unenforceable in the hands of a third party who has financed a loan to discharge that lien. We disagree.

In *Staley v. Vaughn,* 50 S.W.2d at 912, we suggested that a third party could be subrogated by deed of trust to a federal tax lien. There, the Staleys gave Vaughn a deed of trust to secure payment of a judgment rendered on a foreclosed materialmen's lien and to secure payment of a federal income tax lien assessed against the Staleys' homestead. The deed of trust subrogated Vaughn to all the government's rights in the Staleys' homestead. Vaughn eventually foreclosed on the lien and purchased the property at the foreclosure sale. The Staleys sued Vaughn, asserting that the materialmen's lien and federal tax lien were void against the homestead. After concluding that the federal tax lien was valid against the homestead under the Supremacy Clause, the Court concluded, without discussion, that Vaughn was the owner of the federal tax lien and was subrogated to the government's rights. *Staley,* 50 S.W.2d at 912.

While *Staley* is some authority that a third party may be subrogated to a federal government tax lien, it is not clearly dispositive. Because of the lack of discussion on the issue, there is nothing to suggest that the parties in that case contested the propriety of subrogation in these circumstances. Rather, *Staley* suggests that the parties simply contested the validity of a federal tax lien against a homestead and assumed that if the tax lien were valid, Vaughn was subrogated to that valid lien. We believe *Staley* correctly, if cursorily, concluded that subrogation in these circumstances is proper.

■ We have previously held that a third party who refinances a debt secured by a valid mechanic's lien against a homestead may be subrogated to the lien. *Farm & Home Sav. & Loan Ass'n. v. Martin*, 126 Tex. 417, 88 S.W.2d 459, 469–70 (1935). We see no difference between the refinancing of debt secured by a mechanic's lien and the refinancing of debt secured by a federal tax lien. Once valid, the lien does not become invalid against the homestead simply because the original debt has been refinanced. To hold otherwise, in fact, would defeat the very purpose of the homestead protection. Homestead owners must have the ability to renew, rearrange, and readjust the encumbering obligation to prevent a loss of the homestead through foreclosure. *Machicek v. Barcak*, 141 Tex. 165, 170 S.W.2d 715, 717 (1943). We hold that the Bank was contractually and equitably subrogated to the federal government's tax lien against the Crowders' homestead.

## II

■ Because the Bank was subrogated to the federal government's tax lien, the Bank may enforce its lien against the homestead through foreclosure. The Crowders argue, however, that in this instance the Bank must compensate Marion Crowder for her interest in the homestead because the IRS had assessed no taxes against Marion Crowder and had no liens against her property. *Rodgers*, 461 U.S. at 697, 103 S.Ct. at 2144–45. We agree that *Rodgers* requires compensation to a nondelinquent spouse for the forced sale of his or her interest in a homestead.

The summary judgment evidence shows the IRS assessed taxes (including interest and penalties) only against Crowder Insurance Agency, Inc. and Frank Crowder and asserted its liens securing payment of those taxes only against the property of the corporation and Frank Crowder individually. The IRS did not assess any taxes or liens against Marion Crowder or her property. The Bank argues that the tax liens are valid against Marion Crowder's homestead interest because she is personally liable for the unpaid taxes under section 171.255 of the Texas Tax Code and 26 U.S.C. § 6672. We disagree.

■ Section 171.255 of the Texas Tax Code provides that corporate officers are liable for debts of the corporation incurred after the corporation has forfeited its privileges. Tex.Tax Code § 171.255(a). According to the Bank, the corporation incurred unpaid taxes in 1985 when the corporation had forfeited its privileges in Texas for nonpayment of franchise taxes. Section 6672 of the federal tax laws provides that a corporate officer or employee may be personally liable for unpaid corporate taxes if the individual is a person responsible for the collection and payment of taxes and the person willfully fails to do so. 26 U.S.C. § 6672; *Slodov v. United States*, 436 U.S. 238, 244–45, 98 S.Ct. 1778, 1783–84, 56 L.Ed.2d 251 (1978). The IRS assessed penalties under section 6672 against Frank Crowder as a person responsible. The Bank argues that Marion Crowder is personally responsible under section 6672 for at least a portion of the unpaid taxes because she had significant control over the finances of the corporation. Accordingly, the Bank claims, the government's lien extends to her interest in the homestead.

■ Even assuming there may be some basis for Marion Crowder's personal liability to the IRS for the unpaid taxes, subrogation does not entitle the Bank to assert and enforce nonexistent liens. Federal tax liens do not arise automatically and are not self-executing. Such tax liens arise only after the IRS assesses a deficiency, gives notice to the taxpayer of the deficiency, and the taxpayer refuses the demand for payment. 26 U.S.C. § 6321; *United States v. Blakeman*, 997

F.2d 1084, 1088 (5th Cir.1992). None of these preconditions apply to Marion Crowder. When the Bank refinanced the original tax debt, and thus, when the Bank succeeded to the federal government's rights and liens, the IRS had assessed no taxes against Marion Crowder and no tax liens attached to her property. In short, there were no liens against Marion Crowder's property to which the Bank could be subrogated.

■ When a homestead is subject to foreclosure of a federal tax lien on an indebtedness owed by a taxpayer, the taxpayer's spouse, who does not owe any of that indebtedness, has a separate homestead interest and must be compensated for the loss of the homestead estate. *Rodgers,* 461 U.S. at 680, 103 S.Ct. at 2135–36; *see also Paddock v. Siemoneit,* 147 Tex. 571, 218 S.W.2d 428, 436 (1949) (spouse has a *vested* estate in the land of which she cannot be divested during her life except by abandonment or a voluntary conveyance in the manner prescribed by law). Accordingly, while the Bank is subrogated to a valid federal tax lien against the Crowders' homestead and may enforce its lien through foreclosure, the Bank must compensate Marion Crowder for the loss of her separate, vested interest in the homestead upon foreclosure. The trial court's take-nothing summary judgment for the Bank as to Marion Crowder was improper.

### III

■ Our inquiry does not end here. The Crowders contend that even if the Bank is subrogated to the IRS's liens and may foreclose on their homestead, the foreclosure was wrongful in its entirety because the Bank did not follow federal procedures for foreclosure of a federal tax lien. 26 U.S.C. § 7403. In particular, the Crowders assert that at a minimum, the Bank was required to conduct a judicially supervised sale of the property, as is required of the federal government. *Id.* We disagree.

The Bank was both equitably and contractually subrogated to the federal government's tax liens. The Bank obtained contractual subrogation through the deed of trust issued by the Crowders in favor of the Bank. The deed of trust did not create a new lien against the Crowders' property. Rather, the deed of trust preserved and extended the existing tax lien, but also prescribed new terms and conditions for foreclosure. *Providence Institution for Sav. v. Sims,* 441 S.W.2d 516, 520 (Tex.1969); *Continental State Bank of Big Sandy v. Pepper,* 130 Tex. 71, 106 S.W.2d 654, 658–59 (1937). One of the new terms agreed to by the Crowders in the deed of trust to the Bank was the power of sale. Foreclosure in accordance with the terms of the Bank's deed of trust was valid. *See W.C. Belcher Land Mortgage Co. v. Taylor,* 212 S.W. 647, 650 (Tex.Comm'n App.1919, judgm't adopted) (foreclosure against homestead under power of sale in deed of trust on debt originally secured by lien without power of sale was valid as the new deed of trust did not create a new debt or lien but continued the original debt and lien securing that debt and provided new terms for foreclosure).

■ In a related argument, the Crowders assert that the Bank's foreclosure was wrongful because the Bank foreclosed on a debt greater than the value of the liens assessed against the property. Federal law, the Crowders submit, precludes the IRS from collecting on a tax debt more than the value of the property interests that are actually liable for the debt. *Rodgers,* 461 U.S. at 691, 103 S.Ct. at 2141. The Crowders assert that the liens on Frank Crowder's property totalled considerably less than the amount of the loan; therefore, the Bank improperly foreclosed on a debt in excess of the liens against Frank Crowder's property.

The Crowders misconstrue *Rodgers.* *Rodgers* states that "the Government may not ultimately *collect,* as satisfaction for the indebtedness owed to it, more than the value of the property interests that are actually liable for that debt." *Rodgers,* 461 U.S. at 691, 103 S.Ct. at 2141 (emphasis added). When, as in this case, another person has an interest in the property subject to the liens and that person is not liable on the tax debt, *Rodgers* simply limits the government's enforcement to the value of only the delinquent taxpayer's interest in the property. In other words, the government may not collect

against the other person's interests in the property.

■ Although it is unclear from their briefing, the Crowders appear to suggest that *Rodgers* would preclude foreclosure if the government or its subrogee collected more than the amount of the liens assessed against the property. As the Supreme Court noted in *Rodgers,* however, "the right to collect and the right to seek a forced sale are two quite different things." *Id.* The fact that the debt foreclosed upon may exceed the value of the liens assessed against the property interest of the delinquent taxpayer does not render the foreclosure wrongful. It simply would give rise to a right of reimbursement from the proceeds of sale collected in excess of the amount necessary to satisfy the liens.

In this case, the Bank's summary judgment evidence shows the IRS had assessed a lien against Frank Crowder as sole proprietor totalling $6,071.76; a lien against Frank Crowder doing business as Crowder Insurance Agency totalling $35,811.16; and a lien against Frank Crowder individually for the $27,392.87 penalty assessment as a responsible person under 26 U.S.C. § 6672. These liens totalled $69,275.79. The debt owing and satisfied by foreclosure and sale of the property totalled $54,809.48. On this summary judgment record, the Bank did not foreclose on a debt exceeding the value of the liens assessed against the property.

The Crowders argue that the liens against Frank Crowder's property total only $8,935.48. They argue that upon payment of the delinquent taxes, interest, and penalties, the IRS abated or reversed the $27,392.87 penalty assessment against Frank Crowder. Once abated or reversed, the Crowders assert, the lien against Frank Crowder's property in that amount no longer existed and could not support the Bank's foreclosure for the full $54,809.48. In addition, the Crowders assert that the liens assessed against Frank Crowder, doing business as Crowder Insurance Agency, were for taxes owed only by the corporation. Thus, the Crowders contend, these liens were not assessed against Frank Crowder individually. We disagree.

■ The summary judgment evidence shows the IRS released its lien for the $27,392.87 penalty assessment. The only evidence that the lien was abated is by affidavit of David F. McCool, a Certified Public Accountant, in which he gives his opinion that the IRS abated the penalty assessment. Even assuming there is some material significance to abatement, as opposed to the release of a lien, McCool's testimony is not part of the summary judgment record. McCool's affidavit was filed two days before the summary judgment hearing. Summary judgment evidence may be filed late, but only with leave of court. TEX.R.CIV.P. 166a(c). There is no order in this record granting the Crowders leave to file McCool's affidavit late. McCool's affidavit was not properly before the trial court on the motions for summary judgment. *See INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985) (where nothing appears of record to indicate that late filing of summary judgment response was with leave of court, it is presumed that trial court did not consider the response). The only summary judgment evidence is that the IRS released its liens against Frank Crowder and the corporation. The Bank's subrogation rights are not extinguished simply because the IRS released its liens after payment of the proceeds of the loan to satisfy the outstanding tax liability.

■ The Crowders' argument that the liens against the property exclude those assessed against Frank Crowder, doing business as Crowder Insurance Agency, likewise is without merit. The IRS lien notice for the $35,811.16 in delinquent taxes unequivocally identifies Frank Crowder as the taxpayer against whom the lien is assessed. The notice states:

[N]otice is given that taxes (including interest and penalties) have been assessed against the following-named taxpayer. Demand for payment of this liability has been made, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the

amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer

Frank L. Crowder

d/b/a Crowder Insurance Agency

When giving notice of liens against the corporation, the IRS identified Crowder Insurance Agency, Inc. as the named taxpayer.

The summary judgment record shows that the IRS had liens totalling $69,275.79 against the property of Frank Crowder. The debt collected by the Bank through foreclosure did not exceed the value of the tax liens against the property. The trial court did not err in granting summary judgment for the Bank on Frank Crowder's claims.

    *    *    *    *    *    *

We hold that the Bank was properly subrogated to the federal government's tax liens and that the Bank was entitled to foreclose upon the Crowders' homestead. We affirm the judgment of the court of appeals only to the extent that it reversed the summary judgment as to Marion Crowder's claim for compensation of the loss of her homestead interest upon foreclosure and remand her claim to the trial court for further proceedings consistent with this opinion. We otherwise reverse the judgment of the court of appeals and render judgment that Frank Crowder take nothing.