Affirmed as Modified and Memorandum Opinion filed February 13, 2003









Affirmed
as Modified and Memorandum Opinion filed February 13, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00178-CV

____________

 

XIU JUAN CHEN, Appellant

 

V.

 

RB & RB INVESTMENTS, INC.,
Appellee

 



 

On
Appeal from the 234th District Court

Harris County, Texas

Trial
Court Cause No.  00-56014

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Xiu Juan Chen, appeals from a judgment in favor of appellee RB & RB Investments, Inc.  Because all dispositive issues are
clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.1.  The facts of
this appeal are known to the parties, so we do not recite them here. 

Whose
Fault?








The
parties agree the restaurant fire involved here was caused by defective
electrical wiring, and that both parties knew of the problem several weeks
prior thereto; they disagree as to whose contractual duty it was to make the
repairs.  The trial court decided the
issue by summary judgment, dismissing Chen=s counterclaims (asserting breach of contract, negligence, and
the like).

Paragraph
9 of the lease titled AMaintenance and Repair@ did not expressly mention the restaurant=s
electrical system.  But it did recite in
pertinent part:

Landlord
shall keep the foundation, the exterior walls . . . and the roof of the Leased
Premises in good repair . . . Tenant shall . . . make all needed repairs . . .
except for repairs required to be made by Landlord under this section.

We
agree with the trial court that the lease unambiguously placed the duty to
repair electrical wiring on Chen.  By
mentioning only structural components of the premises in describing the
landlord=s
duties, we cannot construe the lease as Chen suggests to include the wiring as
well.  See Baty
v. ProTech Ins. Agency, 63 S.W.3d 841, 854 (Tex.
App.CHouston
[14th Dist.] 2001, pet. denied) (applying
maxim expressio unius
est exclusio alterius); Sun
Operating L.P. v. Holt, 984
S.W.2d 277, 292 (Tex. App.CAmarillo 1998, pet. denied).  Further, the lease recited that Chen had
examined the premises and accepted them AAS IS.@ Finally, Chen presented no summary judgment evidence that the
defective wire was located in an Aexterior@ wall as opposed to an Ainterior@ wall.  The trial court
did not err in granting summary judgment, and Chen=s
fifth issue is overruled.

Notice to Repair








In her first issue, Chen alleges she cannot be held liable for
breach of contract as appellee failed to give her
thirty days= notice and time to cure any non-compliance with the
maintenance provisions of the lease. 
Section 14(f) of the lease required RB to give Chen notice and an
opportunity to cure before it could treat any failure to comply with the lease
as a default justifying termination.  But
the lease specifically noted that RB=s remedies described in the lease were Ain
addition to, and not in lieu of, any of its other remedies . . . otherwise
available to Landlord at law or in equity.@  Nothing in the lease
obligated RB to give thirty days= notice before suing for breach of contract.  Nor does the lease absolve Chen for breach of
contract unless that breach extended for more than thirty days.  Chen=s first issue is overruled.

Provision of Insurance

In her second issue, Chen asserts the same thirty days=
notice provision applies to her duty to provide insurance.  It is undisputed she obtained insurance as
required by the lease, and that her insurer has paid $151,000 to RB for damage
to the building, and $30,000 to Chen for loss of business.  The only insurance issue was who should get
the $60,000 for lost property that her insurer interpleaded.  RB never claimed and the trial court never
submitted any question to the jury regarding breach of this provision; thus, we
overrule Chen=s second issue.  

The Deposits

In her third issue, Chen challenges another pretrial summary
judgment in which the trial court ruled that she owed RB $2,500 for her last
month=s
rental.  Her arguments that she had paid
the rent or that RB waived it were not raised in her response or supported by
summary judgment evidence;[1]
accordingly, they may not be considered on appeal.  See Tex.  R. Civ. P. 166a(c); McConnell
v.  Southside I.S.D., 858 S.W.2d 337,
343 (Tex. 1993).  Chen=s
third issue is overruled.








In her fourth issue, Chen asserts a similar challenge to the
same summary judgment in which the trial court ruled that she owed RB $2,500
for a security deposit.  Again, there was
no timely response.  But the lease
provides that the security deposit was to protect RB from Aany
arrears of rent [or] other payments due Landlord hereunder, and any other
damage, injury expense or liability@ caused by Chen=s default.  The jury
fixed RB=s
damages from lost rent and property due to the fire at $73,750; by adding
$2,500 for the security deposit, the trial court allowed RB to recover this
amount twice.  We sustain Chen=s
fourth issue.

The Excluded Witness

In her sixth and seventh issues, Chen complains that the trial
court prohibited her from testifying that she owned some of the property that
RB claimed to have lost, and excluded her witness Barbara Sue Cranford who
would have testified to the same.  The trial
court excluded both matters because RB objected (without contradiction by Chen)
that such information was not disclosed until during or immediately before
trial, despite relevant discovery requests directed toward her for such
information.  

At trial, Chen presented no excuse for her failure, or
explanation why her surprise evidence was anything but unfair; thus, exclusion
was mandatory.  See Tex. R. Civ. P. 193.6; Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex. 1992).  No error or abuse of discretion has been
shown, and Chen=s sixth and seventh issues are overruled.

The
judgment is modified to delete recovery by RB & RB Investments, Inc. of the
$2,500 deposit under the lease, and as so modified, the judgment is affirmed.

 

 

 

/s/        Scott Brister

Chief
Justice

 

Judgment rendered and Memorandum Opinion filed February 13,
2003.

Panel consists of Chief Justice Brister
and Justices Yates and Hudson.











[1]  She
did raise these issues in her motions for reconsideration filed over a period
of weeks after the trial court granted summary judgment.  No order granting reconsideration or allowing
a late filing appears in our record; thus we may not consider these responses.
 See
Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996).