**Affirmed and Majority and Concurring Memorandum Opinions filed March 19, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00938-CV

---

### ADRIENNE GALLIEN, Appellant

### V.

### GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellee

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-10149**

---

## CONCURRING MEMORANDUM OPINION

I respectfully concur. I write separately to disagree with my colleagues' holding that *because* Gallien failed to timely respond to the motion for summary judgment, the trial court did not err. I would hold that the trial court did not err in

granting the motion for summary judgment because Gallien has not pointed to summary judgment evidence that raises a genuine issue of material fact. The difference between the holdings is one of scope of review. Stated differently, I do not agree that it is appropriate to affirm solely because Gallien did not timely respond to the motion for summary judgment.

The majority correctly identifies GCISD's motion as a hybrid motion in that it seeks a traditional summary judgment or, in the alternative, a no-evidence summary judgment. The majority correctly reviews the no-evidence motion first, as the trial court did not identify the basis for the judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

Gallien failed to timely respond to GCISD's motion. In the absence of any contrary indication in the record, the majority correctly disregarded the response for purposes of review. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). So, Gallien failed to "*produce*[] summary judgment evidence raising a genuine issue of material fact." *See* TEX. R. CIV. P. 166a(i) (emphasis added).

For the majority, this is the end of the analysis. And that position is eloquently supported by *Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-0046-CV, 2012 WL 335858, at *3 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem. op.). In *Dyer*, the Fort Worth Court of Appeals reluctantly held that the plain language of the rule required the court to ignore summary judgment evidence filed by the movant when reviewing a no-evidence motion for summary judgment. *Id.* at *4 ("Although it appears to be a triumph of procedure over substance, we cannot create a rule that the trial court disposing of a combined motion has a duty to look at the traditional summary judgment evidence to see if it defeats the movant's right to no-evidence summary judgment when the rules of procedure place the burden on the nonmovant to produce evidence."). I disagree.

2

The plain language of the rule does, in fact, require the nonmovant to produce evidence raising a genuine issue of material fact. Notwithstanding that plain language, the Texas Supreme Court instructs that the reviewing court must look to *evidence produced by the movant* if it creates a genuine issue of material fact. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004) (holding that "if a motion brought solely under subsection (i) attaches evidence, that evidence should not be considered *unless it creates a fact question*" (emphasis added)). And, the Texas Supreme Court instructs that the reviewing court may not ignore the no-evidence portion of a hybrid motion simply because evidence is attached. *Id.* at 651.

Thus, *Binur* teaches that:

(a)  if a party attaches evidence to a no-evidence motion for summary judgment *and* that evidence creates a genuine issue of material fact, then it should be considered; and

(b)  if a party attaches evidence to a no-evidence motion for summary judgment the motion is not converted into a traditional motion.

The *Binur* rules are completely consistent with the standard for reviewing no-evidence motions for summary judgment as initially established by the Texas Supreme Court. Treating the no-evidence summary judgment as "essentially a pretrial directed verdict," the court applied the same legal sufficiency standard for reviewing directed verdicts. *See King Ranch, Inc v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). That is, the court must consider all of the evidence. *See Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex. 1978).

The supreme court has since reiterated the standard of review for no evidence motions for summary judgment:

A summary judgment motion pursuant to TEX. R. CIV. P. 166a(i) is essentially a motion for a pretrial directed verdict. *See Merrell Dow*

> *Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Id.*; *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). We review ***the evidence presented by the motion and response*** in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

*Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006) (emphasis added); *see also, e.g., Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (stating that the standard for reviewing a no-evidence motion is to review the evidence "presented by the motion and response"); *Taylor v. Louis*, 349 S.W.3d 729, 733 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (same).

From these lessons, I would hold that *Binur* and *Mack Trucks* mean that, notwithstanding the plain language of Rule 166a(i), the trial court should deny a no-evidence motion for summary judgment even when the nonmovant does not respond if (1) the movant attaches evidence and (2) that evidence raises a genuine issue of material fact. Here, we have a no-evidence motion for summary judgment and no response. We must review the movant's evidence to determine whether it raises a fact issue.

My conclusion is not altered by the fact that GCISD's motion is not a mere no-evidence motion, but is a hybrid motion with evidence attached. I find nothing in law that changes our review simply because GCISD sought alternative relief under TEX. R. CIV. P. 166a(b). I find nothing in law that permits us to presume that the evidence attached to the hybrid motion applies "solely to" the traditional portion of the summary judgment. And, we cannot know whether GCISD's

4

evidence raised a genuine issue of material fact unless we review it—whether it is one page or 400.

The rule I propose is consistent with Texas Supreme Court authority. More important, any other rule is inconsistent with Texas public policy. The purpose of summary judgment is to eliminate patently unmeritorious claims. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). That policy cannot be served by a trial court or an appellate court closing its eyes to a fact question simply because it is raised by evidence filed by the movant.

Having disagreed with the scope of review, I nonetheless concur. While I would permit Gallien to rely upon GCISD evidence solely to the extent it raises a fact issue, I agree with the majority that Gallien may not rely upon matters outside of the summary judgment record. Here, none of the evidence Gallien relies upon is attached to GCISD's motion for summary judgment, and none of the evidence attached to GCISD's motion for summary judgment raises a genuine issue of material fact. Thus, the trial court did not err in granting GCISD's motion for summary judgment.

/s/ Sharon McCally
   Justice

Panel consists of Justices Boyce, McCally, and Mirabal (Mirabal, J., majority).[1]

---

[1] Senior Justice Margaret Garner Mirabal sitting by assignment.