**Affirmed and Majority and Concurring Opinions filed June 30, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00858-CV

---

## PHILLIPS DEVELOPMENT & REALTY, LLC, Appellant

## V.

## LJA ENGINEERING, INC., F/K/A LJA ENGINEERING & SURVEYING, INC., Appellee

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-67390**

---

## C O N C U R R I N G   O P I N I O N

We must not attribute rulings to the trial court without a sound basis for doing so. Today, the majority (1) incorrectly concludes that the trial court's findings of fact and conclusions of law constitute a ruling on appellant's objections to specific parts of testimony in two affidavits and (2) erroneously indicates that appellant was required to preserve error in the trial court and assign error on appeal for this court to consider whether a late-filed affidavit is part of the evidence that

may be considered in reviewing the trial court's special-appearance ruling.

### *The Lack of an Implicit Ruling*

The trial court did not implicitly rule on appellant/defendant Phillips Development & Realty, LLC's objections to Gregory J. Patch's affidavit testimony. In response to Phillips's special appearance, appellee/plaintiff LJA Engineering, Inc., f/k/a LJA Engineering & Surveying, Inc. filed Patch's affidavit and Patch's supplemental affidavit. Focusing on only evidentiary objections as to which error must be preserved in the trial court, Phillips lodged written objections to Patch's testimony in paragraphs 4, 5, and 9 of the original affidavit and to Patch's testimony in paragraphs 3 and 7 of the supplemental affidavit.[1] Phillips also objected to the admissibility of Exhibits C and D attached to Patch's original affidavit and Exhibits A, B, and D of Patch's supplemental affidavit.

In its findings of fact and conclusions of law, the trial court does not state that it relied upon any of Patch's affidavit testimony. Nor does the trial court cite or refer to any of Patch's affidavit testimony. The trial court does cite to Exhibits A, A1, B1, B2, B3, C, and D to Patch's original affidavit and to Exhibit C to Patch's supplemental affidavit.[2] Even if the trial court's citation to Exhibits C and

---

[1] Phillips also lodged objections as to which error did not have to be preserved in the trial court.

[2] In its second finding of fact, the trial court finds that LJA Engineering and Phillips "entered into the Contract attached to the Affidavit [of] Gregory J. Patch (attached to Plaintiff's Response and Supplemental Response to Defendants' Special Appearance as Exhibit 'A')." Neither affidavit of Patch was an exhibit to a response or supplemental response, and the trial court appears to be referring to the agreement attached as Exhibit A to Patch's original affidavit but not attached to Patch's supplemental affidavit. In its third finding of fact, the trial court finds that LJA Engineering and PDRH, LLC entered into two contracts "attached to the Affidavit of Gregory J. Patch (attached to Plaintiff's Response and Supplemental Response to Defendants' Special Appearance as Exhibits 'B1' and 'B2')." In this finding, the trial court appears to be referring to the contracts attached as Exhibit B1 and B2 to Patch's original affidavit but not attached to Patch's supplemental affidavit. In its twentieth finding of fact, the trial court refers to

D to Patch's original affidavit constitutes an implicit overruling of Phillips's objections to these two exhibits, there is nothing in the trial court's findings of fact and conclusions of law that reasonably could be construed as an implicit ruling on Phillips's other evidentiary objections as to which error must be preserved in the trial court.

The trial court's citing some of the exhibits attached to Patch's affidavits does not imply that the trial court overruled Phillips's objections to the five paragraphs of Patch's testimony or to the three exhibits to which Phillips objected but to which the trial court did not cite. Even if testimony to which Phillips objected would support some of the trial court's findings, the findings do not reflect that the trial court relied upon this testimony — as opposed to other evidence (including the cited exhibits) — for its findings.

The majority concludes that, in the findings of fact and conclusions of law, the trial court implicitly overruled all of Phillips's objections because the trial court relied upon the objected-to evidence as support for its findings and because the trial court "liberally cited the affidavits to which Phillips objected." Other than mentioning Exhibits C and D to Patch's original affidavit, the trial court did not cite the objected-to evidence as support for its findings. And, the trial court did not liberally cite the portions of the affidavits to which Phillips objected.

Other than the general error-preservation rule in Texas Rule of Appellate Procedure 33.1, the majority cites no authority in support if its conclusion.[3] The

---

an "email attached as Exhibit 'D' to the Affidavit of Gregory J. Patch." Neither Exhibit D to Patch's original affidavit nor Exhibit D to Patch's supplemental affidavit is an email, and this reference appears to be to the email attached as Exhibit C to Patch's supplemental affidavit.

[3] *See* Tex. R. App. P. 33.1(a).

appellate record and the trial court's findings do not support the majority's conclusion that the trial court's findings of fact and conclusions of law constitute an implicit overruling of Phillip's evidentiary objections as to which error must be preserved in the trial court.

### *The Late-Filed Supplemental Affidavit*

If a party who has filed a special appearance or a party who opposes a special appearance wants the trial court to consider an affidavit in ruling on the special appearance, the party should serve the affidavit at least seven days before the special-appearance hearing.[4] LJA Engineering served Patch's supplemental affidavit and the exhibits attached thereto three days before the special-appearance hearing. The trial court did not affirmatively give LJA Engineering leave to submit the supplemental affidavit late. To determine whether the trial court erred in denying Phillips's special appearance, this court must determine whether the supplemental affidavit was properly before the trial court and thus whether this court may rely upon the supplemental affidavit as support for the trial court's special-appearance ruling.[5]

The majority determines that the trial court considered Patch's supplemental affidavit and that the trial court did not abuse its discretion in doing so. In addition, the majority states that it was incumbent on Phillips to preserve error in

---

[4] Tex. R. Civ. P. 120a(3) (stating that "[t]he affidavits, if any, shall be served at least seven days before the hearing. . . "); *Leben v. Treen*, No. 13-02-309-CV, 2003 WL 22479150, at *2 (Tex. App.—Corpus Christi Oct. 30, 2003, no pet.) (mem. op.).

[5] *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *Davis-Lynch, Inc. v. Asgard Techs., LLC*, 472 S.W.3d 50, 58 n.4 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Tempest Broad. Corp. v. Imlay,* 150 S.W.3d 861, 869–70 (Tex. App.–Houston [14th Dist.] 2004, no pet.).

4

the trial court on its objections.[6]  But, even absent an objection by the opposing party, unless there is a basis in the record to conclude that the trial court granted leave for LJA Engineering to file the supplemental affidavit late, this court is to presume that the trial court did not consider the affidavit, and this court is not to consider the affidavit in determining the appeal.[7]

In its opening brief, Phillips states that Patch's supplemental affidavit was filed three days before the special-appearance hearing and that Texas Rule of Civil Procedure 120a(3) requires all affidavits to be filed at least seven days before the special-appearance hearing.  Phillips notes that it objected to the untimeliness of the supplemental affidavit.  Phillips cites to the part of the clerk's record containing its objection to the untimeliness of the supplemental affidavit, the reporter's record from the special-appearance hearing, and Rule 120a(3).  Though Phillips sufficiently briefed an argument that the supplemental affidavit should not be considered in this court's review of the special-appearance ruling because the supplemental affidavit was not timely filed, the majority indicates that Phillips was required to assign error and make this argument in an issue presented.[8]  Under this court's precedent, Phillips was not required to assign error and make this argument in an issue presented.[9]

---

[6] *See ante* at 12.

[7] *See Benchmark Bank*, 919 S.W.2d at 663; *Davis-Lynch, Inc.*, 472 S.W.3d at 58 n.4; *Envtl. Procedures, Inc. v. Guidry,* 282 S.W.3d 602, 610–12 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Tempest Broad. Corp.,* 150 S.W.3d 869–70.

[8] *See ante* at 12–13.

[9] *See Benchmark Bank*, 919 S.W.2d at 663; *Davis-Lynch, Inc.*, 472 S.W.3d at 58 n.4; *Envtl. Procedures, Inc.,* 282 S.W.3d at 610–12; *Tempest Broad. Corp.,* 150 S.W.3d 869–70.  *See also Speedy Stop Food Stores, Ltd. v. Reid Road Municipal Util. Dist.*, 282 S.W.3d 652, 655 (Tex. App.—Houston [14th Dist.] 2009) (considering challenge to trial court's order striking summary-judgment affidavit even though the appellant did not mention this ruling or any

## *Conclusion*

Though I respectfully disagree with the majority's analysis, I concur in the court's judgment affirming the trial court's denial of Phillips's special appearance.


/s/    Kem Thompson Frost
       Chief Justice


Panel consists of Chief Justice Frost, Justice Jamison, and Justice McCally. (Jamison, J., majority).

---

challenge to it in the issues presented in appellant's opening brief), *aff'd*, 337 S.W.3d 846 (Tex. 2011).