# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-16-00225-CV

**Lillian Myhand, Appellant**

**v.**

**New Hampshire Insurance Company, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 277516-0, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Lillian Myhand, pro se, appeals from a final no-evidence summary judgment rendered in favor of her workers'-compensation insurance carrier, New Hampshire Insurance Company, on her claims that, in substance, sought judicial review of an adverse compensability determination by the Texas Department of Workers' Compensation (DWC). In her appellate briefing, Myhand does not address the legal standards governing the propriety of summary judgment in this case, such as by attempting to demonstrate that she presented evidence raising a genuine issue of material fact as to each element of her claim that New Hampshire challenged.[1] Instead, she focuses almost

---

[1] *See* Tex. R. Civ. P. 166a(i) (where no-evidence summary-judgment motion is filed, "[t]he court must grant the motion unless the respondent produces summary-judgment evidence raising a genuine issue of material fact" as to each challenged element of nonmovant's claim or defense).

entirely on arguing the merits of her workers'-compensation claim without reference to summary-judgment proof. To the extent her arguments can be read to implicate summary-judgment standards substantively, Myhand appears to conflate her burden with the issues in a discovery dispute earlier in the case, in which she had complained that various medical records sought by New Hampshire were already in possession of the carrier's counsel. We would add that while the record includes some filings and attached documentation made by Myhand in response to New Hampshire's motion, they reflect that Myhand did not file and serve them until after her seven-day summary-judgment response deadline and there is no indication that the district court granted her leave to make this late filing.[2]

Although Myhand's appellate briefing and the record below suggest that she has labored under numerous fundamental misunderstandings of the governing procedural framework,[3]

---

[2] *See id*. R. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the date of the hearing may file and serve opposing affidavits or other written response."); *Myhand v. Enterprise-Rent-A-Car Co.*, No. 03-12-00035-CV, 2013 Tex. App. LEXIS 2048, at *6–7 (Tex. App.—Austin Mar. 1, 2013, no pet.) (mem. op.) (summary-judgment evidence filed untimely without leave of court is not part of summary-judgment record (citing *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996))).

[3] But we should also note that Ms. Myhand is the same Myhand who was the appellant in the Enterprise case—where she encountered essentially the same basic features of summary-judgment practice as here. *See Myhand*, 2013 Tex. App. LEXIS 2048, at *6–7 (affirming no-evidence summary-judgment against Myhand where she had failed to file a timely response).

we are bound to apply those standards to her to the same extent as we would litigants represented by counsel.[4]  Giving effect to those standards as we are required to do, Myhand has failed to show any reversible error by the district court.  We accordingly affirm that court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   August 30, 2016

---

[4] *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules," as otherwise "they would be given an unfair advantage over litigants represented by counsel.").