

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00197-CV
_____

KIMBERLY ANN SMITH, APPELLANT

V.

ANDREW G. DIXON AND LAUREN M. DIXON, APPELLEES

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 75,274-C; Honorable Ana Estevez, Presiding

July 14, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Kimberly Ann Smith, appearing *pro se*, appeals an adverse summary judgment rendered against her on her entire cause of action against Appellees, Andrew G. Dixon and Lauren M. Dixon, claiming a breach of restrictive covenants. We affirm the judgment of the trial court.

## BACKGROUND

Smith and the Dixons are next-door neighbors. After the Dixons began occupying their residence in 2016, Smith began voicing various complaints. She claimed a 2018 addition to the Dixons' home unlawfully exceeded the lot setback requirement specified by a restrictive covenant.[1] Smith also complained of the following: an unpleasant odor emanating from the Dixons' laundry room, the Dixons' barking dogs, noise caused by the Dixons' outdoor air conditioning condenser unit, and excessive rainwater runoff from the roof of the Dixons' addition.

In December 2018, appearing *pro se*, Smith sued the Dixons. Smith later obtained counsel who filed first and second amended original petitions on her behalf. In her second amended petition, Smith added claims of negligence with resulting personal injury damages, as well as claimed damages for diminished property value and nuisance. She also sought temporary and permanent injunctive relief based on the Dixons' alleged tortious conduct and the alleged violation of the restrictive covenant pertaining to minimum setback requirements. When Smith's counsel subsequently withdrew, she again proceeded *pro se*.

On December 5, 2019, after Smith's counsel had withdrawn, the Dixons filed a hybrid motion for summary judgment combining both no-evidence and traditional grounds. By their traditional ground, they claimed as a matter of law the setback restriction on which Smith relied either expired no later than 1985 or subdivision

---

[1] "A 'restrictive covenant' is a negative covenant that limits permissible uses of land." *Voice of the Cornerstone Church Corp. v. Pizza Prop. Partners, Inc.,* 160 S.W.3d 657, 665 (Tex. App.—Austin 2005, no pet.) (citing RESTATEMENT (THIRD) OF PROP.: SERVITUDES § 1.3(3) (2000)). It is customarily contained in the deed restrictions dedicating the map or plat of the restricted area.

landowners had abandoned the restriction. As no-evidence grounds, the Dixons asserted Smith had no evidence of each element of her negligence and nuisance claims and her request for injunctive relief.

On January 13, 2020, Smith filed a response to the Dixons' motion for summary judgment. While the response did contain a lengthy narrative of her complaints, it failed to contain any properly authenticated summary judgment evidence. The Dixons responded with objections to her response and a reply. On January 27, 2020, the trial court conducted a hearing on the Dixons' motion. During that hearing, the trial court indicated it sustained some of the Dixons' objections. At the conclusion of the hearing, the court verbally rendered "a partial summary judgment" that the setback deed restriction on which Smith relied expired by its own terms on January 1, 1985.[2] This ruling required the trial court to construe the deed restrictions as providing for a single automatic extension period of ten years. The recorded phrase in question provided that the listed covenants, "shall be automatically extended for successive *period* of ten years." While it can be argued that this could be a typographical error and the proper interpretation of this clause should be multiple "successive *periods* of ten years each," that is not what a plain reading of the covenant provides. Where the trial court has interpreted a restrictive covenant as a matter of law, we will not disturb that finding unless we can say that it is incorrect as a matter of law. In light of the record as a whole, we cannot disagree with the trial court's reading of the restrictive covenant.

---

[2] The property the subject of this dispute was originally subject to a recorded deed restriction titled "Plat and Dedication of Wolflin Park, Unit 9, an Addition to the City of Amarillo Lying in Randall County, Texas." According to that document, the Deed Restrictions were limited in duration "until January 1, 1975, at which time said covenants shall be automatically extended for successive period of ten years unless by vote of a majority of then owners of the lots it is agreed to change said covenants in whole or in part . . . ."

3

Without entering judgment, the trial court granted Smith until February 17 the opportunity to cure any evidentiary deficiencies and file supplemental summary judgment evidence supporting her response to the Dixons' summary judgment motion. The Dixons were also provided an additional week thereafter to file objections and a response to any supplemental filings.

On February 18, Smith filed a document entitled "Third Amended Petition."[3] Therein she continued the narrative of her previously filed summary judgment response, argued for reconsideration of the trial court's conclusion that the deed restriction had expired, requested court-ordered discovery, requested a temporary restraining order and a temporary injunction, and attached an assortment of documents. Because the "Third Amended Petition" appears as an intended response to the Dixons' summary judgment motions, we will construe it and its attachments as Smith's first supplemental response. The document, however, still failed to contain any properly authenticated summary judgment evidence. The Dixons responded with objections and a reply.

On February 27, the trial court convened a second hearing of the Dixons' summary judgment motion. During this hearing, Smith again requested additional time to respond to the Dixons' summary judgment motion and submit additional evidence. The court granted Smith a second extension until March 19 to respond and file supplemental evidence. In fairness, the Dixons were also granted a week thereafter to file any

---

[3] The timeliness of this filing is not disputed, apparently because February 17, 2019, was Presidents' Day, a legal holiday. *See Hearn-Haynes v. Fin. Ins. Exch.,* No. 14-04-00461-CV, 2005 Tex. App. LEXIS 9573, at *3-4 (Tex. App.—Houston [14th Dist.] Nov. 17, 2005, no pet.) (mem. op.) (concluding because Presidents' Day was a legal holiday, Rule 4 of the Texas Rules of Civil Procedure made day of required act the next day which was not a Saturday, Sunday, or legal holiday).

4

additional objections to Smith's evidence. On March 20, Smith filed her supplemental response with unsworn evidence and the Dixons responded with numerous objections, including an objection as to the untimeliness of Smith's filing.[4] We will hereinafter refer to this document and its attachments as Smith's second supplemental response. Finally, on June 22, the trial court signed a written order granting summary judgment in favor of the Dixons on all Smith's claims and ordering that Smith take nothing on those claims.

On July 17, Smith filed a document entitled, "Affidavit to the Honorable Judge Ana Estevez from Plaintiff in Support of Plaintiff's Proposed Motion Rescinding Signed Orders Granting Summary Judgment for Defendants." Within that document Smith states, "Plaintiff begs this Honorable Court for reconsideration and to withdraw the order signed." Elsewhere in the document Smith asked the trial court to grant her attached motion "to alter or amend the judgment." Also attached to Smith's affidavit was a signed document entitled "Plaintiff's Motion to Amend Judgment Alternatively for a New Trial." By order signed July 24, the trial court denied Smith's motion to amend the judgment or for new trial. Thereafter, Smith timely filed her notice of appeal on August 7.

---

[4] Smith's document bears a March 20 file mark and the record contains no order permitting an untimely filing. The Dixons argue the filing was therefore untimely. *See Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex. 1996) (if a party's summary judgment evidence is untimely filed, and no order appears in the record granting leave to file, the evidence will not be considered as before the court). A "certificate of mailing and service" indicates the Dixons were served on March 19. The certificate appears to indicate hand delivery to the clerk for filing which, given the file mark date, would support a March 20 file date. But the certificate also states, "As filed 3/19/2020." We will assume, but do not decide, that the document was filed on March 19.

**ANALYSIS**

At best, Smith's brief is difficult to construe.[5] Her issues, if any, are unrecognizable in the milieu of complaints and ravings concerning the perceived injustice she has suffered as a result of the Dixons' acts. Irrespective of whether we have an opinion on the matter, an appellant has the burden to provide us with a "clear and concise argument for the contention made," supported by appropriate citation to legal authority and to the record. TEX. R. APP. P. 38.1(i). Since Appellant has provided us with neither substantive argument regarding her complaints, nor made citation to legal authority and the record, she has inadequately briefed any issue. Accordingly, all of her issues are waived. *Brooks v. Auros Partners, Inc.,* No. 07-18-00354-CV, 2020 Tex. App. LEXIS 3459, at *5 (Tex. App—Amarillo April 22, 2020, no pet.) (mem. op.).

**CONCLUSION**

Having found that Smith failed to preserve her complaints regarding an alleged violation of the restrictive covenant pertaining to a minimum setback requirement or her claims for negligence and nuisance, we affirm the judgment of the trial court.

Per Curiam

---

[5] At times in her lengthy brief, Smith requests the judgment of this court awarding her injunctive and declaratory relief and damages. Our appellate and original jurisdiction does not permit consideration of such requests. *See* TEX. CONST. art. V, § 6 (defining jurisdiction of courts of appeals); TEX. GOV'T CODE ANN. § 22.221(b),(d) (defining authority of courts of appeals to issue writs of mandamus and habeas corpus).