**AFFIRMED and Opinion Filed July 12, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-21-00351-CV**

_____

**COURTNEY CONSTRUCTION, INC., Appellant**

**V.**

**BLUE RACER MIDSTREAM, LLC, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-18201**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Partida-Kipness

Appellant Courtney Construction, Inc. appeals a summary judgment in favor of appellee Blue Racer Midstream, LLC. In its first issue, Courtney argues that the trial court erred by refusing to grant leave to file a summary judgment response that exceeded the trial court's page limits and by refusing to consider Courtney's attached evidence. In its second issue, Courtney maintains that its evidence created a fact issue sufficient to defeat Blue Racer's motion for summary judgment. We affirm the trial court's judgment.

## BACKGROUND

In 2018, Blue Racer hired Courtney to build just under a mile of pipeline in West Virginia. Their contract defined the scope of Courtney's construction work on the project in detail, and it included a clause requiring Courtney to obtain approval in the form of a written "change order" before performing any additional work.

Courtney began construction in August 2018 and completed the project by November. Blue Racer paid Courtney $2.5 million for its services—a sum that included $137,693.73 for additional work that was performed according to approved change orders.

In July 2019, though, Courtney invoiced Blue Racer for an additional $1,599,746.23. Courtney asserted that, at Blue Racer's request, it had performed additional work beyond the approved scope of the project and it was entitled to compensation. It is undisputed that Courtney did not obtain change orders for this additional work. Blue Racer did not pay these invoices.

Instead, Blue Racer sued Courtney in Texas for breach of contract and for a declaratory judgment that it owed Courtney nothing more under the contract. Courtney countersued for breach of contract, quantum meruit, and fraud.

In November 2020, Blue Racer moved for traditional summary judgment on all claims in the case. The motion was eventually set for hearing on January 28, 2021. On January 21, 2021, Courtney filed a response to the motion for summary judgment and attached 375 pages of evidence in an effort to demonstrate a fact issue.

On January 26, 2021, with the summary judgment hearing just two days away, Courtney filed an "emergency motion for leave." According to the motion, the trial court's coordinator had advised Courtney on the morning of the 26th that its summary judgment response exceeded a page limit for filings under the court's local rules and "the Court would, therefore, not consider" Courtney's response or attached evidence. The local rule provided no motion could exceed 25 pages in length, and the appendix of any motion must also be limited to 25 pages, with exceptions made only if the trial court granted leave to exceed the limit "upon a showing of compelling reasons."

Courtney attempted to make such a showing in its emergency motion for leave. It contended the evidence in this case consisted of large contracts, some of which ran over 400 pages, and thus the case could not be defended without exceeding the page limit. Courtney argued its violation of the local rules was an inadvertent oversight and noted Blue Racer's 300-page summary judgment motion also exceeded the court's page limit.

At the hearing on January 28, 2021, the trial court questioned Courtney about the nature of its "emergency." According to Courtney, the emergency was it had recently learned of its inadvertent violation of local rules and the danger that its evidence would not be considered in this dispositive proceeding. The trial court explained this did not constitute an emergency:

THE COURT: Counsel, I'm sorry. In this court, as the court rules make clear, when you file something that says "emergency," the first thing that happens is the Bailiff is notified so that he can do a risk assessment. Okay. Not comply—Realizing that you haven't complied with the rules does not constitute an emergency in this court. It's an abuse of the process.

[Counsel for Courtney]: My apologies, Your Honor.

We felt that the emergent nature lay in the fact that this is an entirely dispositive motion that was—

THE COURT: Counsel, that's not—Counsel, you're not listening to me. That's not an emergency.

[Counsel for Courtney]: Yes, Your Honor.

THE COURT: An emergency is the Judge got hit by a bus. An emergency is a bolt of lightning struck your key witness's house just as he was leaving to come and testify. Okay. Those are emergencies.

Not following the rules does not constitute an emergency in this court.

Blue Racer then conceded in good faith that it was not prejudiced by Courtney's failure to follow local rules, and the trial court appeared to accept this concession as the end of the matter:

[Counsel for Blue Racer]: I will say this in full candor to the Court, I don't believe that we are prejudiced by Courtney's lack of seeking leave prior to filing.

Now, we certainly don't—don't agree with their position on the merits and the evidence they submitted, but I can't purport to inform the Court that we have been prejudiced by their failure to—to seek leave by itself.

THE COURT: You want to—You want this matter continued?

[Counsel for Blue Racer]: No, Your Honor, we don't need a continuance.

THE COURT: Okay. All right. Let's go ahead and proceed.

[Counsel for Blue Racer]: Thank you, Your Honor.

From there, the parties took up the merits of the summary judgment. Blue Racer argued the merits in part by refuting Courtney's evidence.

However, both sides made remarks suggesting it remained an open question whether the trial court would allow Courtney's evidence in, and the trial court did not correct this impression. Counsel for Blue Racer stated, "Now, what Courtney does in its response, if the Court ends up accepting the response into the record, is there's an affidavit by a man named Jason Dean." The trial court responded, "Uh-huh." Similarly, counsel for Courtney stated,

> And, you know, again, Your Honor, there's more evidence to that effect in the affidavit of Mr. Dean attached to our response if the Court allows that to be considered.
>
> If the Court does not consider it, we'd submit that there's still evidence enough to at least raise a genuine issue of material fact as to the validity of our breach of contract claim.

The trial court again responded, "Uh-huh."

At the conclusion of the hearing, the trial court granted summary judgment. The resulting final judgment disposed of Courtney's counterclaims and declared Blue Racer owed nothing more under the contract. Courtney appeals.

## ANALYSIS

In its first issue, Courtney asserts the trial court erred in denying its emergency motion for leave. Courtney acknowledges there was no formal ruling on the motion.

Nonetheless, Courtney asserts the trial court implicitly denied the motion through its comments at the summary judgment hearing. We disagree.

While the trial court took a negative view of Courtney's emergency motion for leave, nothing about the trial court's comments suggests that it impliedly struck Courtney's response or anything attached to it. *Cf. G.T. Mgmt., Inc. v. Gonzalez*, 106 S.W.3d 880, 883 (Tex. App.—Dallas 2003, no pet.) (holding that the trial court's general comments are no "substitute for findings of fact and conclusions of law").

Rather, the trial court's summary judgment order shows that it did not strike the response or its attachments. The order began, "*Having considered* Plaintiff Blue Racer Midstream, LLC's ('Blue Racer') Traditional Motion for Summary Judgment (the 'Motion'), *any response thereto*, the law, and the record, the Court is of the opinion that Blue Racer's Motion should be GRANTED in its entirety." (Emphasis added). As we explain, this statement shows the trial court granted leave to exceed the page limit set by the local rules, and that it considered Courtney's response and the attached evidence in ruling on the summary judgment.

We draw guidance from another situation in which leave of court is required with respect to summary judgment filings: belated summary judgment responses and evidence. "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). "Summary judgment evidence may be filed late, but only with leave of court." *Benchmark Bank v.*

*Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). Where nothing appears in the record to indicate that the trial court granted leave to file the summary judgment response late, we presume that the trial court did not consider the response. *Id.* Leave to late file summary judgment evidence may be reflected in a separate order, a recital in the summary judgment, or an oral ruling contained in the reporter's record of the summary judgment hearing. *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259–60 (Tex. 2020). We will deem leave to have been granted as long as the trial judge affirmatively indicates in the record that he accepted or considered the late-filed evidence. *Stavron v. SureTec Ins. Co.*, No. 02-19-00125-CV, 2019 WL 6768125, at *6 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.) (collecting cases). Here, the summary judgment order expressly states the trial court "consider[ed]" Courtney's response, and it thus gave leave to file the response.

If the trial court considered the response, then "it considered the . . . evidence that was attached to the [response]." *See id.* "'Courts of appeals have found that late-filed summary judgment evidence was considered by a trial court when . . . an order granting summary judgment stated that it had considered the response' to which that evidence was attached." *Id.* (quoting *Foussadier v. Triple B Servs., LLP*, No. 01-18-00106-CV, 2019 WL 2127604, at *4 & n.4 (Tex. App.—Houston [1st Dist.] May 16, 2019, pet. denied) (mem. op.)); *see also B.C.*, 598 S.W.3d at 261 ("[T]he trial court's recital that it considered the 'evidence and arguments of counsel,' without

any limitation, is an 'affirmative indication' that the trial court considered [the] response and the evidence attached to it.").

Because the trial court gave leave to file the response and considered the attached evidence, we overrule Courtney's first issue.

In its second issue, Courtney challenges the summary judgment on its merits. Courtney maintains its evidence creates a fact issue on Blue Racer's liability under the contract.

However, Courtney's briefing of this issue is inadequate under our appellate rules. The Texas Rules of Appellate Procedure define the required contents and organization of an appellant's brief. *In re S.V.*, 599 S.W.3d 25, 41 (Tex. App.—Dallas 2017, pet. denied). "An appellant's brief must concisely state all issues or points presented for review and, among other things, must contain a clear, concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* "Failure to provide citations or argument and analysis as to an appellate issue may waive it." *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015); *Naik v. Naik*, 438 S.W.3d 166, 173 n.2 (Tex. App.—Dallas 2014, no pet.). The failure to adequately brief an issue waives any error on appeal. *McCullough v. Scarbrough, Medlin & Assocs., Inc.*, 435 S.W.3d 871, 912 (Tex. App.—Dallas 2014, pet. denied).

Courtney's briefing of this issue "leaves much to be desired." *See LAKXN Income, Inc. v. TLC Hosp., LLC*, No. 02-20-00415-CV, 2021 WL 3085755, at *3

(Tex. App.—Fort Worth July 22, 2021, no pet.) (mem. op.). Courtney provides no legal authority for this issue, no discussion of the applicable law, no citations to the relevant evidence, and limited argument. Because Courtney's second issue is inadequately briefed, we do not consider it.

## CONCLUSION

Courtney has advanced one argument that meets our briefing rules: the trial court erred when it refused to grant leave and refused to consider Courtney's evidence. We have determined that the trial court did just the opposite. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210351F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COURTNEY CONSTRUCTION, INC., Appellant

No. 05-21-00351-CV     V.

BLUE RACER MIDSTREAM, LLC, Appellee

On Appeal from the 14th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-19-18201.
Opinion delivered by Justice Partida-Kipness. Justices Reichek and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BLUE RACER MIDSTREAM, LLC recover its costs of this appeal from appellant COURTNEY CONSTRUCTION, INC.

Judgment entered this 12th day of July 2022.