**Opinion issued December 20, 2016.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00827-CV

_____

**JOHNATHON DEAN, Appellant**

**V.**

**AURORA BANK, FSB F/K/A LEHMAN BROTHERS BANK, FSB, AND NATIONSTAR MORTGAGE LLC, Appellees**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 74093**

---

## MEMORANDUM OPINION

Appellant Johnathon Dean is appealing the trial court's grant of traditional

and no-evidence summary judgment in favor of appellees, Aurora Bank, FSB f/k/a

Lehman Brothers Bank, FSB[1] and Nationstar Mortgage LLC. In six issues, Dean argues that the trial court erred by: (1) granting appellees' traditional and no-evidence summary judgment motion on Dean's challenge to Nationstar's standing; (2) granting appellees' traditional and no-evidence summary judgment motion "without sufficient evidence related to conditions precedent;"[2] (3) granting appellees' traditional and no-evidence summary judgment motion on Dean's wrongful foreclosure claim; (4) granting appellees' traditional and no-evidence summary judgment motion on Dean's breach of contract claim; (5) granting appellees' traditional and no-evidence summary judgment motion on Dean's claim for declaratory relief; and (6) granting appellees' hybrid summary judgment motion.

We affirm the trial court's judgment.

**Background**

Dean purchased the real property at issue in December 2005 and executed a deed of trust securing a promissory note to Lehman in order to finance the purchase. Lehman assigned the deed of trust to Aurora, who later assigned the deed of trust to

---

[1]    Lehman Brothers Bank, FSB changed its name to Aurora Bank, FSB in April 2009. Aurora Commercial Corp. is the successor entity to Aurora Bank, FSB f/k/a Lehman Brothers Bank, FSB.

[2]    We liberally construe this issue as a challenge to the trial court's grant of summary judgment on Dean's wrongful foreclosure claim in light of evidence raising a genuine issue of material fact. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating that courts should liberally construe pro se litigant's pleadings and briefs).

Nationstar. On June 15, 2012, Aurora notified Dean that the servicing of his loan was being transferred to Nationstar effective July 1, 2012.

On April 9, 2013, Nationstar sent Dean a notice of default. On August 6, 2013, Alvin Gerbermann, who was appointed by Nationstar as a substitute trustee under the deed of trust, conducted a public foreclosure sale of the property. Nationstar purchased the property for $52,757.14 at that sale.

Dean filed suit on September 12, 2013, against appellees and Gerbermann. In his petition, Dean asserted that Lehman and Aurora did not have standing to foreclose on the property. Dean also asked the trial court to declare that: (1) Dean "did not breach the terms of the Notes and/or Deed;" (2) appellees "failed to comply with state non-judicial foreclosure procedures;" (3) "the foreclosure sale should be set aside as it was a wrongful sale;" (4) appellees "should provide a complete accounting to [Dean];" and (5) appellees "should show how Nationstar and/or [Lehman] have standing to proceed with foreclosure and/or possession." Dean also demanded an accounting and sought an injunction prohibiting the defendants "from selling, attempting to sell, or causing to be sold the Property either under the power of sale clause contained in the deed of trust or by a judicial foreclosure action."[3]

---

[3] The trial court granted a temporary injunction on October 16, 2013, prohibiting the defendants "from taking possession, transferring or otherwise selling the Property." That injunction expired on October 30, 2013. Although the trial court held a hearing on Dean's application for a temporary injunction on October 25, 2013, nothing in the appellate record reflects that the application was granted.

Appellees and Gerbermann moved for summary judgment on March 6, 2015. On April 24, 2015, the trial court granted traditional and no-evidence summary judgment in Gerbermann's favor and ordered that Dean take nothing on all of his claims against Gerbermann.[4] The trial court also granted traditional and no-evidence summary judgment in favor of appellees on Dean's accounting claim and ordered that Dean take nothing on his claim. The court also denied appellees' traditional and no-evidence summary judgment motion with respect to Dean's remaining claims.

On July 15, 2015, appellees filed an amended motion for traditional and no-evidence summary judgment on Dean's claims for declaratory relief, his claims against Aurora and Lehman, and his claim that Nationstar and Lehman lacked standing to foreclose on the property. As they did in their first summary judgment motion, appellees liberally construed Dean's request for declaratory relief to also assert claims for wrongful foreclosure and breach of contract and they moved for summary judgment on those claims as well.

In the no-evidence portion of their motion, appellees argued that they were entitled to summary judgment on Dean's breach of contract claim and his related claim for declaratory relief because there was no evidence that: (1) appellees

---

[4] Gerbermann moved for summary judgment solely based on Property Code section 51.007. *See* TEX. PROP. CODE ANN. § 51.007(a) (West 2014). Section 51.007 states that the trustee named in a suit may plead that he is not a necessary party by a verified denial. *Id.* Dean is not challenging the trial court's granting of summary judgment in favor of Gerbermann.

4

breached the note or deed of trust; (2) Dean complied with his obligations on the note; or (3) that Dean suffered any damage as a result of Nationstar's alleged breach of the note.

Appellees also argued that they were entitled to no-evidence summary judgment on Dean's wrongful foreclosure claims, including his related claims for declaratory relief, i.e., Dean's request for declarations that appellees "failed to comply with state non-judicial foreclosure procedures" and "the foreclosure sale should be set aside as it was a wrongful sale." Specifically, appellees argued that there was no evidence of any procedural defect in the foreclosure proceedings, a grossly inadequate selling price, or a causal link between the procedural defect and the selling price. Appellees also argued that there was no evidence that Nationstar, the entity who conducted the foreclosure, lacked standing to foreclose on the property.

Appellees also moved for no-evidence summary judgment on Dean's claim for declaratory relief. Specifically, appellees argued that there is "no evidence to support his claim for declaratory relief" because there is no evidence that a justiciable controversy exists as to the rights and status of the parties, or that the controversy would be resolved by the declarations sought. Appellees also argued that although Dean named Aurora and Lehman as defendants, he did not bring any "specific claims against them separate and apart from Nationstar" and there "is no

5

evidence to prove Aurora or Lehman held the collateral loan documents (note/deed of trust) at the time of the foreclosure sale, serviced the loan after 07/01/12, or conducted the foreclosure sale."

Dean filed a response to the hybrid summary judgment motion on August 18, 2015, the day of the summary judgment hearing. That same day, the trial court signed a final judgment granting appellees' amended motion for summary judgment and dismissing all of Dean's claims against appellees with prejudice. This appeal followed.

## Discussion

Appellees moved for summary judgment on all of Dean's claims on both traditional and no-evidence grounds. Because the trial court did not specify its reasons for granting summary judgment, we will first review the propriety of the summary judgment under the no-evidence standard. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* TEX. R. CIV. P. 166a(i).

### A.    No-Evidence Summary Judgment

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating*, 164 S.W.3d

at 661; *Provident Life & Accident Ins.*, 128 S.W.3d at 215. If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the asserted grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

To prevail on a no-evidence summary-judgment motion, the movant must establish that there is no evidence to support an essential element of the non-movant's claim on which the non-movant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The party moving for no-evidence summary judgment must specifically state the elements as to which there is no evidence. *See* TEX. R. CIV. P. 166a(i). The burden then shifts to the non-movant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

The non-movant must file its summary judgment response and evidence at least seven days before the summary judgment hearing, unless the non-movant gets permission to file it later. TEX. R. CIV. P. 166a(c). If the court allows the late filing of evidence, the court must affirmatively indicate in the record acceptance of the late filing. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996);

*Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 n.1 (Tex. 1988). Absent any indication leave was granted, such as an order granting leave to late file, appellate courts must presume the trial court did not consider the late-filed evidence. *See Fertic v. Spencer*, 247 S.W.3d 242, 250–51 (Tex. App.—El Paso 2007, pet. denied); *see also Benchmark Bank*, 919 S.W.2d at 663.

## B.  Appellees' No-Evidence Summary Judgment Motion and Dean's Response

After the trial court granted their initial motion for traditional and no-evidence summary judgment on Dean's accounting claim,[5] appellees filed an amended motion for summary judgment in which they argued that they were entitled to no-evidence summary judgment on all of Dean's remaining claims, i.e., Dean's claims for declaratory relief, breach of contract, wrongful foreclosure, and his claims against

---

[5] Although Dean argues that the trial court erred in granting summary judgment on his claim for declaratory relief, which includes a declaration that appellees "should provide a complete accounting to [Dean]," Dean is not specifically challenging the trial court's granting of summary judgment in appellees' favor on his accounting claim. Dean's brief provides no legal authority or analysis regarding his claim for an accounting, and therefore, to the extent that Dean is attempting to challenge the trial court's granting of summary judgment on this basis, such an issue is inadequately briefed and preserves nothing for our review. *See* TEX. R. APP. P. 38.1(i); *see generally Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied) (holding pro se litigant's brief that failed to comply with Rule of Appellate Procedure 38.1(i) preserved nothing for appellate review).

8

Aurora and Lehman, as well as his claim that Nationstar and Lehman lacked standing to foreclose on the property.[6]

Dean filed his response to appellees' amended motion for summary judgment the day of the hearing. *See* TEX. R. CIV. P. 166a(c) (requiring non-movant to file response and evidence at least seven days before summary judgment hearing). Although Dean requested permission to late-file his response and the docket sheet indicates that the trial court considered his request, there is no order granting Dean leave to file his response late, or any other affirmative indication in the record that the trial court accepted Dean's untimely response. Accordingly, we must presume that the trial court did not consider Dean's late-filed response and summary judgment evidence. *See Fertic*, 247 S.W.3d at 250–51; *see also Benchmark Bank*, 919 S.W.2d at 663. Because Dean did not properly file a response to raise a fact issue responding to the motions, the trial court had no option but to grant appellees' no-evidence motion which addressed all of Dean's remaining causes of action. *See Fertic*, 247 S.W.3d at 250–51; *see also Benchmark Bank*, 919 S.W.2d at 663.[7]

---

[6] We liberally construe Dean's challenges to Nationstar, Lehman, and Aurora's standing to foreclose on the property to assert a cause of action for wrongful foreclosure based upon a procedural defect in the foreclosure sale. *See generally Tesch v. Equity Secured Capital, L.P.*, No. 03-13-00539-CV, 2015 WL 8587311, at *2 (Tex. App.—Austin Dec. 11, 2015, pet. denied) (identifying challenge to defendant's standing to foreclose as defect in foreclosure sale proceedings for purposes of wrongful foreclosure claim).

[7] On appeal, Dean asserts that he also pleaded a cause of action for fraudulent misrepresentation. Dean does not argue that appellees' no-evidence

9

Generally, the non-movant who fails to file a response and produce evidence is restricted to arguing on appeal that the no-evidence summary judgment is insufficient as a matter of law. *See Roventini v. Ocular Sciences, Inc.*, 111 S.W.3d 719, 723 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating that when non-movant does not file response, controlling issue is whether summary judgment motion was sufficient to warrant no-evidence summary judgment and thus shifted burden to non-movant to produce evidence raising genuine issue of material fact). A no-evidence summary judgment is insufficient as a matter of law if the motion is conclusory or fails to challenge a specific essential element of a cause of action for which the non-movant would have the burden of proof at trial. *See id.* at 724; *see also Callaghan Ranch, Ltd., v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993)) (holding that no-evidence motion for summary judgment that fails to specifically challenge essential element of alleged cause of action, or is conclusory, is legally insufficient as matter of law). Dean does not argue on appeal that appellees' no-evidence motion was conclusory or that it failed to challenge

---

summary-judgment motion is deficient because it does not address this claim, nor does he challenge the trial court's dismissal with prejudice of "all claims" asserted against appellees by Dean. Moreover, Dean's brief contains no legal authority or analysis with respect to his fraudulent misrepresentation claim and, therefore, to the extent that Dean is attempting to challenge the trial court's judgment with respect to this claim, the issue is inadequately briefed and preserves nothing for our review. *See* TEX. R. APP. P. 38.1(i).

specific elements of any of his causes of action. To the extent that Dean is attempting to challenge the legal sufficiency of appellees' no-evidence summary judgment motion, the issue is inadequately briefed and preserves nothing for our review. *See* TEX. R. APP. P. 38.1(i); *see generally Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied) (holding pro se litigant's brief that failed to comply with Rule of Appellate Procedure 38.1(h) preserved nothing for appellate review).

We overrule Dean's first, second, third, fourth, and fifth issues.

## Hybrid Summary Judgment Motions

In his sixth issue, Dean argues that the trial court erred by granting summary judgment in appellees' favor because, as a pro se litigant, he was prejudiced by appellees' filing of a hybrid traditional and no-evidence summary judgment motion. Under Texas law, a party seeking summary judgment may combine in a single motion a request for summary judgment under the no-evidence standard with a request under the traditional, as-a-matter-of-law standard. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004) (stating that Rule of Civil Procedure 166a does not prohibit filing of hybrid summary judgment motion). Accordingly, appellees' decision to file a hybrid motion for summary judgment in a suit against a pro se litigant is not a valid basis for reversing the trial court's grant of summary judgment in appellees' favor. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating

that although courts liberally construe pro se litigant's pleadings and briefs, pro se litigants are held to same standards as licensed attorneys and must comply with applicable laws and rules of procedure).[8]

We overrule Dean's sixth issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

---

[8] Dean, who was originally represented by counsel, also argues that the trial court's judgment should be reversed because he was prejudiced by the granting of his attorney's motion to withdraw on August 27, 2014—over six months before appellees filed their first summary judgment motion (March 6, 2015). Dean's brief, however, provides no analysis or legal authority in support of his position. Thus, to the extent that Dean is attempting to challenge the trial court's granting of the motion to withdraw, such an issue is inadequately briefed and preserves nothing for our review. *See* TEX. R. APP. P. 38.1(i).