## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2019

Lyle W. Cayce
Clerk

No. 17-51023

————

JCB, INCORPORATED, doing business as Conveying & Power Transmission Solutions,

      Plaintiff - Appellant

v.

THE HORSBURGH & SCOTT COMPANY,

      Defendant - Appellee

————

Appeal from the United States District Court
for the Western District of Texas

————

Before HAYNES, HO, and DUNCAN, Circuit Judges.

JAMES C. HO, Circuit Judge:

This case is a perfect example of when we should certify cases, and why certification is valuable. We are presented with a question of pure statutory interpretation on a recurring issue of interest to citizens and businesses across Texas. What's more, it is a question that divided judges on this court. As reflected in our competing concurring opinions, different judges on this court have disagreed about whether the district court correctly interpreted the Texas Sales Representative Act ("TSRA"). *See JCB, Inc. v. Horsburgh & Scott Co.*, 912 F.3d 238, 241–46 (5th Cir. 2018) (Ho & Duncan, JJ., individually concurring) ("*Horsburgh I*"). But we all agreed that reasonable minds could

differ.  So rather than provide a partial answer—binding only litigants who file in federal court, not those in state court— we instead certified the question to the Supreme Court of Texas, which can speak with authority for all litigants, in state and federal court alike.  *See*, *e.g.*, *id.* at 243 (Ho, J., concurring).

We now have that answer, and accordingly affirm in part and reverse and remand in part.

Conveying & Power Transmission Solutions ("CPTS") was an independent sales representative for the Horsburgh & Scott Company, earning a commission on every sale.  After the parties terminated their agreement, Horsburgh owed CPTS approximately $280,000 in commissions.  Over the next year and a half, Horsburgh made consistent but untimely payments.  Eventually, CPTS sued Horsburgh in Texas state court under, *inter alia*, the TSRA.  Horsburgh removed to federal court.  While the lawsuit was pending, Horsburgh paid off the rest of its outstanding commissions.

The district court granted summary judgment to Horsburgh.  In relevant part, it determined that the TSRA only allows for treble damages for "unpaid commissions due."  According to the court, Horsburgh had paid all of its past-due commissions, so there was no longer anything "unpaid" or "due."  CPTS appealed solely with respect to its TSRA claim.

The TSRA provides:

> A principal who fails to comply with a provision of a contract under Section 54.002 relating to payment of a commission . . . is liable to the sales representative in a civil action for:  (1) three times the unpaid commission due the sales representative; and (2) reasonable attorney's fees and costs.

TEX. BUS. & COM. CODE § 54.004.  The only questions in dispute are (1) whether there are any "unpaid commissions due" to treble, and (2) whether, in the absence of a treble damages award, CPTS is nevertheless entitled to attorney's fees.

No. 17-51023

We concluded that § 54.004(1) is ambiguous because it is unclear "[a]t what moment in time" courts must "determine the amount of any 'unpaid commission due'" subject to trebling. *See Horsburgh I*, 912 F.3d at 239. Further, we determined it was "not clear" whether the TSRA provides for attorney's fees when the plaintiff is not entitled to treble damages. *See id.* at 241.

> So we certified two questions to the Supreme Court of Texas:
>
> (1) What timing standard should courts use to determine the existence and amount of any "unpaid commissions due" under the treble damages provision of TEX. BUS. & COM. CODE § 54.004(1)?
> (2) May a plaintiff recover reasonable attorney's fees and costs under TEX. BUS. & COM. CODE § 54.004(2), if the plaintiff does not receive a treble damages award under TEX. BUS. & COM. CODE § 54.004(1), and under what conditions?

*Id.* After full briefing and oral argument, the Supreme Court of Texas responded.

First, it held that "the time for determining the existence and amount of 'unpaid commission due' under section 54.001(1) is the time the jury or trial court determines the liability of the defendant, whether at trial or through another dispositive trial-court process such as a summary judgment." *JCB, Inc. v. The Horsburgh & Scott Company*, 2019 WL 2406971, at *7 (Tex. June 7, 2019), *reh'g denied* (Oct. 4, 2019).

Here, there were no "unpaid commissions due" at the time of judgment, because Horsburgh had already paid all of its outstanding commissions, plus interest. Accordingly, CPTS was not entitled to treble damages, and the district court was therefore correct to grant summary judgment to Horsburgh on the treble damages claim.

Second, the court held that "a plaintiff may recover attorney's fees and costs under TEX. BUS. & COM. CODE § 54.004(2) even if the plaintiff does not receive treble damages, if the factfinder determines that the fees and costs

3

were reasonably incurred under the circumstances." *Id.* at \*9.  The court cautioned that the "reasonableness" requirement is a "very real limitation" on the "otherwise unbounded grant of attorney's fees and costs to the sales representative." *Id.* at \*8.

So CPTS is eligible for attorney's fees simply by virtue of Horsburgh's breach.  *See id.* at \*9.  The award of attorney's fees must be reasonable, however.  To determine reasonableness, the district court on remand must account (in addition to the usual considerations) for two things.  First, this lawsuit, and the threat of treble damages, might have ensured Horsburgh's full payment.  Second, litigation continued even after CPTS was fully compensated.  As the Texas Supreme Court observed:

> [CPTS] lost in its bid to add treble damages to its fully paid commissions, and we cannot envision a scenario in which fees expended in pursuit of [CPTS's] invalid theory of treble-damages liability could ever be reasonable. . . .  According to Horsburgh, after [CPTS] sued in May 2016, Horsburgh fully paid approximately $90,000 in late commissions by August 2016, several months after [CPTS] filed suit.  *Attorney's fees spent pursuing that amount may be reasonable*, assuming they satisfy other legal and factual standards applicable to reasonable fee awards.  *On the other hand, attorney's fees spent continuing to press for treble damages after the defendant paid all commissions due plus interest are likely not reasonable*, because at that point the case should have been finished.

*Id.* at \*8 (emphasis added).  *See also Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 262 (5th Cir. 2018) (Ho, J., concurring) ("To state the obvious, it is not reasonable for an attorney to charge for time spent on tasks that lack any reasonable prospect of creating value for the client.  After all, to charge for that time would benefit only the attorney, not the client.").

\* \* \*

In sum, the district court correctly concluded that CPTS was not entitled to treble damages.  But it erred by granting summary to Horsburgh without

No. 17-51023

awarding CPTS reasonable attorney's fees and costs. Accordingly, we affirm the judgment as to the denial of the treble damages award, vacate as to the denial of attorney's fees, and remand for further proceedings consistent with this opinion.