# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2020

Lyle W. Cayce
Clerk

No. 18-20336

Sylvia Zepeda,

*Plaintiff — Appellee,*

*versus*

Federal Home Loan Mortgage Corporation,

*Defendant — Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3121

ON PETITION FOR REHEARING

Before Haynes, Graves, and Ho, *Circuit Judges.*

James C. Ho, *Circuit Judge*:

No member of this panel nor judge in active service having requested that the court be polled on rehearing en banc, the petition for rehearing en banc is denied. The following is substituted in place of our opinion.

Earlier in this dispute between a borrower, Sylvia Zepeda, and her lender, the Federal Home Loan Mortgage Corporation (commonly known as Freddie Mac), we certified to the Supreme Court of Texas the following question: "Is a lender entitled to equitable subrogation, where it failed to

correct a curable constitutional defect in the loan documents under § 50 of the Texas Constitution?" *Zepeda v. Fed. Home Loan Mortg. Corp.*, 935 F.3d 296, 301 (5th Cir. 2019).

The district court had previously answered this question "no"—that a lender is not entitled to equitable subrogation, when the constitutional defect in the loan documents is due to the lender's own negligence. In reaching that conclusion, the court noted the conflicting views reflected in Texas case law and acknowledged that "[t]his is a delicate balance of equities." *Zepeda v. Fed. Home Loan Mortg. Ass'n*, 2018 WL 781666, *8 (S.D. Tex. Feb. 8, 2018).

On the one hand, the district court cited an intermediate Texas court of appeals decision holding that "one of the factors the court may consider is 'the negligence of the party claiming subrogation.'" *Id.* at 7 (quoting *Murray v. Cadle Co.*, 257 S.W.3d 291, 300 (Tex. App.—Dallas 2008, pet. denied)). On the other hand, as we noted, "[t]hree years later, that same court found that, although the bank was responsible for the non-compliant loan, it was still entitled to equitable subrogation." *Zepeda*, 935 F.3d at 301 n.2 (citing *Bank of America v. Babu*, 340 S.W.3d 917, 928 (Tex. App.—Dallas 2011, no pet.)).

After reviewing the case law, the district court "[u]ltimately" concluded that "Ms. Zepeda's lender was afforded ample notice and opportunity to cure the defect in the lien in the straightforward manner contemplated by the drafters of the Texas Constitution, and yet failed to do so." *Zepeda*, 2018 WL 781666, at *8. There was "no indication that this error was justified by any factor other than oversight." *Id.* So the district court held that "the law's protection of the homestead is simply too great for equity to favor the lender over the borrower under such circumstances." *Id.*

On appeal, we conducted our own review of Texas case law—in addition to considering the analysis conducted by the respected district judge in this case—and concluded that this was, at best, an open question of Texas law. *See Zepeda*, 935 F.3d at 301 n.2 ("We have been unable to discern a governing rule of Texas law from these decisions."). So we certified the question to the Supreme Court of Texas.

Confirming our instincts, the Texas Supreme Court has now declined to accept the district court's reading of Texas law and instead answered our certified question "yes"—that lenders remain entitled to equitable subrogation, regardless of how the constitutional defect arose. *Fed. Home Loan Mortg. Corp. v. Zepeda*, 2020 WL 1975169, *1 (Tex. Apr. 24, 2020). As the court explained: "None of our subsequent § 50 decisions has considered any factor other than the lender's discharge of a prior, valid lien. To the contrary, in this context, we have said that a lender's right to subrogation is 'fixed' when the prior, valid lien is discharged." *Id.* at *6 (quoting *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 660 (Tex. 1996)). Accordingly, a "lender who discharge[d] a prior, valid lien on the borrower's homestead property is entitled to subrogation," and that is so even when that "lender fail[s] to correct a curable defect in the loan documents under § 50 of the Texas Constitution." *Id.* at *5.

Our previous panel decision affirmed the district court's finding of no contractual subrogation. *Zepeda*, 935 F.3d at 301. We vacate that holding and remand for reconsideration by the district court in light of the Texas Supreme Court's answer to our certified question. *See Zepeda*, 2020 WL 1975169, at *1 n.3 (declining "to address the [Fifth Circuit]'s contractual-subrogation analysis") (citing *Benchmark Bank*, 919 S.W.2d at 662).

No. 18-20336

\* \* \*

This is precisely the type of case where certification to a state supreme court is warranted—where federal judges are uncertain about, and indeed divided over, the proper interpretation of Texas law, concerning an issue that is likely to recur in other cases involving similar defects in other home loan documents. *See*, *e.g.*, *JCB, Inc. v. Horsburgh & Scott Co.*, 941 F.3d 144, 145 (5th Cir. 2019) ("This case is a perfect example of when we should certify cases, and why certification is valuable. We are presented with a question of pure . . . interpretation on a recurring issue of interest to citizens and businesses across Texas. What's more, it is a question that divided judges on this court.").

So we are gratified that our distinguished colleagues on the Texas Supreme Court agreed, accepted our certified question, and have now provided the definitive and authoritative answer—binding on all litigants regardless of whether suit is filed in state or federal court, thereby ensuring uniformity of Texas law wherever it may govern. *See id.* ("So rather than provide a partial answer—binding only litigants who file in federal court, not those in state court—we instead certified the question to the Supreme Court of Texas, which can speak with authority for all litigants, in state and federal court alike.").

We reverse and remand for further proceedings consistent with the decision of the Supreme Court of Texas.