

# NUMBER 13-22-00246-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STEPHEN S. L. EARLEY AND
DOROTHY ANN EARLEY,                                    Appellants,

v.

NATIONSTAR MORTGAGE, L.L.C.
A/K/A MR. COOPER AND U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE
FOR BANC OF AMERICA FUNDING 2008-
FT1 TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2008-FT1,                         Appellees.

## On appeal from the 444th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

Before Justices Longoria, Silva, and Peña
Memorandum Opinion by Justice Peña

Appellants Stephen S.L. Earley and Dorothy Ann Earley (the Earleys) appeal the trial court's judgment resolving competing motions for summary judgment filed by the Earleys and appellees Nationstar Mortgage, L.L.C. a/k/a Mr. Cooper and U.S. Bank National Association, as trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 (Nationstar). The trial court granted the Earleys' partial motion for summary judgment on their quiet-title claim and declared that Nationstar's home-equity lien on the Earleys' property was invalid. However, it denied summary judgment on the Earleys' breach-of-contract action seeking forfeiture of all principal and interest paid to Nationstar. The trial court granted Nationstar's motion for summary judgment seeking a declaration that it was equitably subrogated to a prior lien.

In three issues, which we construe as four, the Earleys argue that the trial court erred in: (1) granting Nationstar's motion for summary judgment on its declaratory judgment claim; (2) denying the Earleys' motion for summary judgment on their breach-of-contract claim; (3) awarding attorney's fees to Nationstar; and (4) denying the Earleys' motion to supplement the clerk's record. We affirm.

## I.    BACKGROUND

In 1997, the Earleys took out a home equity loan in the amount of $191,650 for their twenty-acre property in Rio Hondo, Texas. In 2000, the Earleys bought an adjoining twenty-acre tract. In 2005, the Earleys refinanced the 1997 loan with an extension of credit in the amount of $303,200, secured by all forty acres. The Earleys used the loan proceeds to pay the balance of the 1997 loan, and they received $125,698.89 at closing. The 2005 loan documents were comprised of a promissory note, homestead lien contract, and a deed of trust.

2

In April 2015, the Earleys notified Nationstar that the 2005 loan did not comply with article XVI, § 50(a)(6) of the Texas Constitution pertaining to homesteads because part of the property was designated for agricultural use. *See* TEX. CONST. art. XVI, § 50(a)(6). On January 12, 2016, the Earleys sent a letter to Nationstar stating that they were entitled to forfeiture of all principal and interest on the loan and a release of the lien due to Nationstar's failure to timely cure the constitutional defect. The Earleys thereafter stopped making payments on the loan.

The Earleys filed suit against Nationstar on June 13, 2016, alleging a quiet-title and breach-of-contract claim. Nationstar answered, asserting equitable subrogation and statute-of-limitation defenses. Nationstar later filed a counterclaim seeking a declaration that it was equitably subrogated to the 1997 lien. The Earleys then moved for partial traditional summary judgment on their quiet-title claim, arguing that Nationstar's lien was invalid because the 2005 loan violated the Texas Constitution. *See id.* The trial court granted the Earleys' motion for partial summary judgment and declared the lien invalid. The parties thereafter filed cross-motions for summary judgment on their remaining claims.

Nationstar moved for traditional summary judgment on its declaratory judgment claim and the Earleys' breach-of-contract claim. Nationstar argued that it is equitably subrogated to the 1997 lien on the property because it discharged the loan secured by the 1997 lien. Nationstar argued that the Earleys' breach-of-contract claim was barred by the four-year statute of limitations because any alleged breach occurred at the loan's inception on February 11, 2005. Nationstar further argued that the contract claim failed because the loan documents did not provide a forfeiture remedy.

3

In their own motion for traditional summary judgment and in response to Nationstar's motion, the Earleys argued that the deed of trust incorporates a forfeiture remedy and that its breach-of-contract cause of action accrued when Nationstar failed to timely cure the constitutional defect after receiving notice in 2015. The Earleys also argued that Nationstar should not receive attorney's fees for its declaratory judgment claim regarding equitable subrogation.

The trial court granted Nationstar's motion for summary judgment and denied the Earleys' competing motion. The trial court ordered that the Earleys take nothing on their claims, declared that Nationstar was equitably subrogated to the 1997 lien on the property, and awarded Nationstar attorney's fees. The trial court denied the Earleys' motion for judgment seeking to limit the scope of Nationstar's equitable subrogation rights. This appeal followed.

## II.    SUMMARY JUDGMENT

In their first two issues, the Earleys challenge the trial court's summary judgment rulings.

### A.    Standard of Review

"We review a trial court's summary judgment de novo." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). We consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Id*. A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017) (per curiam); *Nall v.*

4

*Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam). Further, a defendant may obtain summary judgment by conclusively establishing an affirmative defense, such as limitations. *See Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

"If a movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment." *Bryant v. Baker*, 580 S.W.3d 408, 412 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)). The nonmovant can meet its burden if its evidence is more than a scintilla; i.e., it "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). When both parties move for summary judgment and the trial court grants one motion and denies the other, we determine all issues presented and render the judgment that the trial court should have rendered. *Colorado County v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017) (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). "However, if resolution of the issues rests on disputed facts, summary judgment is inappropriate, and the reviewing court should reverse and remand for further proceedings." *Rancho Viejo Cattle Co., Ltd. v. ANB Cattle Co.*, 642 S.W.3d 850, 870 (Tex. App.—San Antonio 2021, pet. denied) (quoting

*Gramercy Ins. Co. v. MRD Invs., Inc.*, 47 S.W.3d 721, 724 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)).

## B.  Breach of Contract

In their first issue, the Earleys argue that the trial court erred in dismissing their breach-of-contract claim because such a claim was not barred by limitations.

### 1.  Applicable Law

"In Texas, 'the homestead has always been protected from forced sale, not merely by statute as in most states, but by the Constitution.'" *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 477 (Tex. 2016) (quoting *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 570 (Tex. 2013)). Currently, the Texas Constitution protects the homestead from foreclosure with eight exceptions, one of which covers home-equity loans that comply with certain terms and conditions. *See* TEX. CONST. art. XVI, § 50(a)(6)(A)–(Q). As relevant here, in 2005 the Constitution allowed the forced sale of homesteads only for an extension of credit that is not "secured by homestead property . . . designated for agricultural use." *Id.* art. XVI, § 50(a)(6)(I) (repealed 2018). "Section 50 allows such loans to be secured by the homestead only if, among other things, they are made on the condition that forfeiture of all principal and interest is available if the loan is constitutionally noncompliant and the lender fails to cure within [sixty] days of being given notice by the borrower." *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 545 (Tex. 2016) (citing TEX. CONST. art. XVI, § 50(a)(6)).

"The terms and conditions required to be included in a foreclosure-eligible home-equity loan are not substantive constitutional rights, nor does a constitutional forfeiture remedy exist to enforce them." *Garofolo*, 497 S.W.3d at 484. "The constitution guarantees

freedom from forced sale of a homestead to satisfy the debt on a home-equity loan that does not include the required terms and provisions—nothing more." *Id.* "[B]orrowers may access the forfeiture remedy through a breach-of-contract action based on the inclusion of those terms in their loan documents, as the Constitution requires to make the home-equity lien foreclosure-eligible." *Wood*, 505 S.W.3d at 546 (*Garofolo*, 497 S.W.3d at 476).

"The statute of limitations for breach-of-contract actions is four years from the date of accrual." *Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 786 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. "It is well-settled law that a breach[-]of[-]contract claim accrues when the contract is breached." *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (per curiam) (citing *Smith v. Fairbanks, Morse & Co.*, 102 S.W. 908, 909 (Tex. 1907)).

### 2. Analysis

The Earleys argue that their breach-of-contract claim accrued in 2015 when Nationstar failed to cure the constitutionally noncompliant loan within sixty days after receiving notice; thus, their 2016 suit was filed within the four-year limitations period. Nationstar responds that its breach, if any, occurred at the loan's origination in 2005. Nationstar further argues that it has not breached the loan agreement because the agreement incorporates neither the agricultural restriction nor the forfeiture remedy.

Assuming, for the sake of argument, that the loan agreement incorporates the constitutional provisions and the Earleys have established a breach of the agreement, we conclude that any alleged breach occurred at the loan's origination. In arguing that a claim for breach of contract does not accrue until the lender fails to cure an alleged defect in a home-equity loan, the Earleys confuse a contractual remedy with the cause of action

7

itself. A breach of contract claim is distinct from the availability of the remedy of forfeiture. *See Garofolo*, 497 S.W.3d at 482 (explaining that the "constitution invokes forfeiture when a lender 'fails to correct the failure to comply' . . . [but that] 'failure to comply' is a reference to the lender's original transgression: its 'fail[ure] to comply with the lender's or holder's obligations under the extension of credit'"). Compliance with § 50(a) "is measured by the loan as it exists at origination[.]" *Id*. at 478. Therefore, any alleged breach occurred at closing, when Nationstar extended credit under a loan agreement that was not in compliance with § 50(a), not later when Nationstar failed to cure the constitutional infirmity. *See id.*; *see also Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 603 (5th Cir. 2017) (interpreting Texas law and concluding that borrower's breach of contract action alleging a failure to comply with § 50(a) accrued at the date of closing).

The deadline for the Earleys to bring their breach-of-contract claim was in 2009, four years after the loan originated. Because this lawsuit was not filed until 2016, the breach-of-contract claim is now barred by the statute of limitations. Accordingly, we conclude that the trial court did not err in dismissing the claim. *See City of Rowlett*, 593 S.W.3d at 181. We overrule the Earleys' first issue.

## C.    Equitable Subrogation

In their second issue, the Earleys argue that the trial court erred in not addressing the scope of Nationstar's equitable subrogation claim. A lienholder possesses a common law right to equitable subrogation. *LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 618–19 (Tex. 2007) (per curiam). "The doctrine allows a third party who discharges a lien upon the property of another to step into the original lienholder's shoes and assume the lienholder's right to the security interest against the debtor." *Id.* (citing *First Nat'l Bank of*

8

*Kerrville v. O'Dell*, 856 S.W.2d 410, 415 (Tex. 1993)). The right of equitable subrogation exists "even if the lender failed to correct a curable defect in the loan documents under § 50 of the Texas Constitution." *Fed. Home Loan Mortg. Corp. v. Zepeda*, 601 S.W.3d 763, 769 (Tex. 2020). In other words, equitable subrogation claims are valid "against homestead property when a refinance, even though unconstitutional, was used to pay off valid liens." *LaSalle Bank*, 246 S.W.3d at 619 (citing *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 661 (Tex. 1996)).

Here, the trial court granted Nationstar's motion for summary judgment on its declaratory judgment claim seeking equitable subrogation. In particular, the trial court declared that Nationstar is "equitably subrogated to the September 26, 1997 Deed of Trust lien" on the property. On appeal, the Earleys complain that the trial court should have further ruled that Nationstar's equitable lien is limited to the twenty acres that were used as collateral for the 1997 loan and that the Earleys should be credited the amounts paid under the 2005 loan. Nationstar responds that the trial court did not err in failing to address the scope of the subrogated lien because it was not necessary to the resolution of its claim.

The trial court's declaration that Nationstar is equitably subrogated to the 1997 lien fully resolved Nationstar's equitable subrogation claim. "What equitable subrogation actually transfers to a refinance lender is the original creditor's security interest[.]" *PNC Mortgage v. Howard*, 668 S.W.3d 644, 649 (Tex. 2023). There is no factual dispute as to the amount of the original creditor's security interest. The issues which the Earleys claim the trial court should have addressed are material only in the event of a foreclosure action. *See McKeehan v. Wilmington Sav. Fund Soc'y, FSB*, 554 S.W.3d 692, 699 (Tex. App.—

Houston [1st Dist.] 2018, no pet.) ("To show entitlement to foreclosure, the Bank was required to prove" among other elements "that an amount of the indebtedness was due and unpaid, and [] that the property subject to the deed of trust lien was the same property upon which foreclosure was sought."); *see also Crowder*, 919 S.W.2d at 661 (explaining that an equitably subrogated lien may be enforced through foreclosure); *Perry v. Cam XV Tr.*, 579 S.W.3d 773, 781 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (explaining that a debtor's "defense of payment to reduce their indebtedness [does] not arise until the lender sue[s] [him] for foreclosure").

Nationstar does not have a live claim seeking to foreclose on the property, and there were no summary judgment grounds presented to the trial court relating to a foreclosure claim. Accordingly, we conclude that the trial court did not err in failing to address issues that are only material to defenses to an unpleaded forfeiture claim. *See McConnell v. Southside I.S.D.*, 858 S.W.2d 337, 341 (Tex. 1993) ("A motion [for summary judgment] must stand or fall on the grounds expressly presented in the motion."); *see also Via Net v. TIG Ins.*, 211 S.W.3d 310, 313 (Tex. 2006) (per curiam) (explaining that a defendant is only required to meet the plaintiff's case as pleaded). We overrule the Earleys' second issue.

### III.  ATTORNEY'S FEES

In their third issue, the Earleys argue that the trial court erred in awarding Nationstar attorney's fees for its declaratory judgment action.

### A.  Standard of Review & Applicable Law

The Uniform Declaratory Judgments Act (Act) authorizes a court to "award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC.

10

& REM. CODE ANN. § 37.009. "We review a trial court's award of fees for an abuse of discretion." *Crews v. Dkasi Corp.*, 469 S.W.3d 194, 203 (Tex. App.—Dallas 2015, pet. denied) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)). "It is an abuse of discretion to award attorney's fees under the [] Act when the statute is relied upon solely as a vehicle to recover such fees." *Id.* (quoting *City of Carrollton v. RIHR Inc.*, 308 S.W.3d 444, 454 (Tex. App.—Dallas 2010, pet. denied)). "A counterclaim for declaratory judgment is improper if it is nothing more than a mere denial of the plaintiff's claims, and the counterclaim fails to have greater ramifications than the original suit." *Headington Royalty, Inc. v. Finley Res., Inc.*, 623 S.W.3d 480, 498 (Tex. App.—Dallas 2021), *aff'd*, 672 S.W.3d 332 (Tex. 2023) (citing *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 842 (Tex. 1990) (orig. proceeding)). "To have 'greater ramifications' than the original suit, the counterclaim should seek some sort of affirmative relief." *Id.* (quoting *Sanchez v. AmeriCredit Fin. Servs., Inc.*, 308 S.W.3d 521, 524 (Tex. App.—Dallas 2010, no pet.)). "To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *Id.* (quoting *Gen. Land Office of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990)). This restriction has been referred to as the "mirror-image" rule. *See Washington Square Fin., LLC v. RSL Funding, LLC*, 418 S.W.3d 761, 776 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

## B. Analysis

First, the Earleys contend that Nationstar is not entitled to attorney's fees because its claim for declaratory relief was originally asserted as an affirmative defense to their

quiet-title claim. We disagree.

We construe the Earleys' argument as alleging that the trial court's attorney fee award violated the mirror-image rule. However, we note that Nationstar's claim for equitable subrogation alleged a claim for relief independent of the Earleys' quiet-title claim. The counterclaim had greater ramifications than simply denying the Earleys' claim that Nationstar's 2005 lien was invalid. *See Headington Royalty*, 623 S.W.3d at 498. Rather, Nationstar sought affirmative relief independent of the Earleys' claim by asserting that Nationstar was equitably subrogated to the 1997 lien. *See id*. Nationstar could recover on this counterclaim independent of the Earleys' quiet-title claim. *See id.* Therefore, attorney's fees would not be barred under the Act.

In their second argument, the Earleys maintain that Nationstar's refusal to cure the constitutional defects in the Earleys' loan should bar them from recovering fees. "Matters of equity are addressed to the trial court's discretion." *Bocquet*, 972 S.W.2d at 21. The question of whether a fee award would be equitable and just is "a matter of fairness in light of all the circumstances." *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004). "The trial court must decide whether it would be just and equitable to award" the fees. *Id.* at 163. Whether an award of attorney's fees is equitable and just is a question of law. *Bocquet*, 972 S.W.2d at 21.

The parties have different characterizations of their respective attempts to cure the constitutional deficiencies for the 2005 loan. For whatever reason, those attempts failed, resulting in the instant litigation. Nevertheless, Nationstar prevailed on their claim to establish an equitable lien so that they could secure the 2005 loan. The trial court had discretion, in light of all the circumstances, to determine that it was "equitable and just" to

12

award Nationstar attorney's fees, and we conclude that the trial court did not err in doing so. *See Ridge Oil*, 148 S.W.3d at 162; *Bocquet*, 972 S.W.2d at 21. We overrule the Earleys' third issue.

## IV.    SUPPLEMENTATION OF THE APPELLATE RECORD

In their fourth issue, the Earleys argue that the trial court abused its discretion in denying their motion to supplement the record on appeal. The Earleys argue in the alternative that this court should allow supplementation of the appellate record pursuant to Texas Rule of Appellate Procedure 34.5. *See* TEX. R. APP. P. 34.5.

The district clerk returned exhibits that were attached to the Earleys' amended motion for summary judgment with instructions that the exhibits must be refiled "as their own lead document." The Earleys never refiled the exhibits, and they were not included in the clerk's record at the time the trial court ruled on the competing motions for summary judgment. The trial court later denied the Earleys' motion to supplement the appellate record with the returned exhibits. We previously denied a similar motion filed in this Court.

We first note that the Earleys do not assert the district clerk's action in returning the exhibits was erroneous, nor do they present argument or authority in support of their contention that the trial court's ruling constituted an abuse of discretion. Therefore, the argument is waived. *See id.* R. 38.1(i) (requiring that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *In re J.A.M.R.*, 303 S.W.3d 422, 425 (Tex. App.—Dallas 2010, no pet.) ("Bare assertions of error without argument or authority waive error.").

We also reject the Earleys' alternative contention that this Court should permit supplementation of the clerk's record. "If a relevant item has been omitted from the clerk's

13

record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." TEX. R. APP. P. 34.5(c)(1). The Earleys contend that this Court cannot adequately assess the merits of this appeal without reviewing the exhibits. We disagree.

First, we note that the exhibits purportedly pertain to facts which are not necessary to our disposition of this appeal—the amount of principal and interest the Earleys paid on the 2005 loan and attorney's fees incurred by the Earleys. More importantly, we may not consider evidence that was not before the trial court when it made its ruling. *See Fryday v. Michaelski*, 541 S.W.3d 345, 352 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("We do not consider evidence that was not before the trial court at the time it made its ruling in the case."); *Fox v. Alberto*, 455 S.W.3d 659, 668 n.5 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (holding that an appellate court may not consider documents that were not filed in trial court because an appellate court "may not consider matters outside the appellate record"). The returned exhibits were not part of the record that the trial court considered when it made its ruling; therefore, we should not consider the exhibits in reviewing the appeal. We decline to order supplementation of the clerk's record. We overrule the Earleys' fourth issue.

## V.    CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
21st day of March, 2024.

14